Argued September 10, affirmed November 20, 1975

MOORE, *Appellant, v.* ADAMS ET UX, *Respondents.*

542 P2d 490

*Michael E. Clift,* Portland, argued the cause and filed a brief for appellant.

*Raymond J. Conboy,* Portland, argued the cause for respondents. With him on the brief were Donald N. Atchison, and Pozzi, Wilson & Atchison, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, and BRYSON, Justices.

BRYSON, J.

In this action for battery the jury returned a verdict in favor of the defendants. Seven days later plaintiff moved for a new trial on the ground that "[o]ne of defendants' witnesses communicated with members of the jury concerning the merits of the case."[1]

Plaintiff's affidavit in support of her motion states:

"* * * Mr. Reid [defendants' witness] was walking in the middle of the group and I heard him say in a loud voice: 'This woman is crazy and she should be put away. She beat a woman with a crowbar and a hammer and she won that case. Now she is trying to win this case. This is too much, too much.' I was about eight feet away from Mr. Reid when he said it. Mr. Reid was walking with the jurors and spectators to-

---

[1] ORS 17.610:

"A former judgment may be set aside and a new trial granted on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"* * * * *.

"(2) Misconduct of the jury or prevailing party.

"* * * * *."

ward the elevators at the time. I don't know how the jurors could have helped but hear him. * * *"

The affidavit of Anna Straughn, one of plaintiff's witnesses, was to the same effect.

The trial court received testimony on plaintiff's motion. Nothing was elicited from that testimony that did not appear in plaintiff's affidavit except the testimony of defendants' witness. One of defendants' witnesses controverted the statement of plaintiff by stating no jurors were present when Mr. Reid allegedly made his statement.

The trial court denied plaintiff's motion, and plaintiff appeals.

In denying plaintiff's motion after having heard testimony thereon, the trial court stated:

"These juries, and this one in particular, was clearly and explicitly instructed to decide the case solely on the evidence that was heard in the courtroom. There is nothing in this record to indicate (1) that, in fact, a juror or jurors did hear what Mr. Reid said, if he said it. And there is additionally nothing in the record whatsoever to show that if they did hear it, that they considered it at all in reaching their verdict; in other words, that it did taint their verdict and make it prejudicial as far as this plaintiff is concerned.

"Of course, that is one of the reasons why the rule is so proper that conduct of this kind, if it occurs, should be brought promptly to the attention of the court. Because then the court had the jury available and could have inquired of particular jury members whether or not they heard the conversation and then could have made a factual determination."

As stated by the trial judge, the conduct which plaintiff complains of occurred during the noon recess, and plaintiff did not inform either the trial court

or her attorney of this matter until several days after the jury had returned a verdict against plaintiff. We have frequently stated that a party who learns the facts regarding the misconduct of a juror or party or any other irregularity which occurred during trial should promptly inform the trial court of such facts. One cannot suppress those facts, in hope of a favorable verdict, and then rely upon the same facts after an adverse verdict has been returned. *Cheyne v. Deike,* 270 Or 58, 526 P2d 557 (1974); *Wulff v. Sprouse-Reitz Co., Inc.,* 262 Or 293, 315-16, 498 P2d 766 (1972); *Raymond v. Southern Pacific Co.,* 259 Or 629, 637-38, 488 P2d 460 (1971); *Transamerica Title Ins. v. Millar,* 258 Or 258, 262-64, 482 P2d 163 (1971); *Cf. Niemela v. Collings,* 267 Or 369, 517 P2d 268 (1973).

■ In appeals from the denial of a motion for a new trial, we generally defer to the discretion of the trial court. *Beglau v. Albertus,* 272 Or ——, 536 P2d 1251 (1975); *Snyder v. Hunter Room, Inc.,* 269 Or 536, 525 P2d 1293 (1974). This is because the trial judge is usually in a better position to evaluate the circumstances of each case and the prejudicial effect, if any, of any claimed irregularity. *Schmitz v. Yant,* 242 Or 308, 313, 409 P2d 346 (1965); *Johnson v. Kolovos,* 224 Or 266, 275, 355 P2d 1115 (1960).

In support of her motion plaintiff testified, "there were jurors and a lot of people in the hall" when Mr. Reid made his alleged statement. She further testified, "I don't see how they couldn't hear what he said, because I heard it."

Mrs. Straughn, plaintiff's witness, testified on behalf of the motion as follows:

"Q Do you know whether or not any of the jurors heard his remarks?

"A Well, I don't know how they could help, because he has a very loud voice and I could hear him. * * *"

In her affidavit in support of the motion, Mrs. Straughn states:

> "* * * I'm not certain any of the jurors heard the remark, but he was speaking so loudly I imagined they did. * * *"

Both defendant Richard Adams and defendants' witness, Reid, denied that there were jurors within hearing range of their conversation although they admitted that they did have a conversation. However, it was not in the language related by the plaintiff.

■ This is the extent of the record. There is no substantial evidence that witness Reid actually conversed with a juror or jurors or prejudicially influenced a juror by his statements. Whether any juror heard Reid's statement or was influenced thereby is a matter of mere speculation because the trial judge did not have the opportunity to interrogate the jurors prior to their deliberation or subsequent discharge. Under these facts we conclude that the trial court did not abuse its discretion in denying plaintiff's motion for a new trial.

Affirmed.