Submitted on record and briefs November 30, 1982, affirmed February 2, reconsideration denied March 18, petition for review denied April 26, 1983 (294 Or 792)

## OWENS,
*Appellant - Cross-Respondent,*

*v.*

## HAUG,
*Respondent - Cross-Appellant.*

(CC79-615;  CA  A25759)

658 P2d 523

Mary Owens, Hammond, filed the briefs pro se for appellant - cross-respondent.

Arminda J. Brown, Vergeer, Roehr & Sweek, Portland, filed the briefs for respondent - cross-appellant.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

**YOUNG, J.**

Plaintiff appeals from a judgment notwithstanding the verdict entered in an action for damages for personal injuries that arose out of an automobile accident on November 14, 1977. Defendant cross-appeals and seeks a new trial, claiming that the trial court erred when it submitted plaintiff's claim for lost earnings to the jury. We affirm.

The jury awarded plaintiff general damages of $50,000, special damages of $484.15 for medical expenses and $30,000 for lost earnings. The jury found plaintiff 40 percent negligent and defendant 60 percent negligent, which resulted in a judgment being entered in the sum of $48,290.49. Defendant moved for a new trial, or in the alternative for a judgment n.o.v., ORCP 63C, on the ground that the evidence was insufficient to support plaintiff's special damage claim for lost earnings. The trial court denied the motion for a new trial and granted a judgment n.o.v., thereby reducing the verdict by $30,000.

■    Plaintiff assigns as error the granting of the judgment n.o.v., claiming that defendant did not move for a directed verdict, a prerequisite for a judgment n.o.v. *German v. Kienow's Food Stores,* 246 Or 334, 425 P2d 523 (1967). ORCP 60 permits a party in a jury trial to test the legal sufficiency of the evidence by a motion for directed verdict at the close of the evidence offered by an opponent or at the close of all the evidence. *See Falk v. Amsberry,* 290 Or 839, 844, 626 P2d 362 (1981). ORCP 63A[1] provides:

> "When a motion for a directed verdict which should have been granted has been refused and a verdict is rendered against the applicant, the court may, on motion, render a judgment notwithstanding the verdict, or set aside any judgment which may have been entered and render another judgment, as the case may require."

At the close of all the evidence, defendant made the following motion:

> "All right. The last thing I have is on the amended complaint, which is paragraph VII. [Plaintiff has] alleged

---

[1] Plaintiff relies on ORS 18.140, which was repealed by Or Laws 1979, ch 284, § 199 and replaced by ORCP 63, effective January 1, 1980. Or Laws 1979, ch 284, § 3. The present action was tried in 1981 and ORCP 63 applied.

here lost earnings in the amount of $30,000, and I just don't see that there has been any evidence at all on the record to support a lost earnings of $30,000."

The trial court denied the motion, explaining that there was sufficient evidence to present a jury question on the issue of lost earnings. The court then fashioned a modified verdict form that segregated the special damages into two separate categories, *i.e.,* one for medical expenses and the other for lost earnings.[2] After the jury was instructed and had retired, the following colloquy occurred:

"[Defense Counsel]: I have no exceptions to the instructions, Your Honor, but just for the record, I think I need to maintain my record that I object to the way the verdict was changed. I think that that was clear before, but I wanted to be sure that was clear now just for the record.

"THE COURT: Okay. I think I understand what you're saying, that I shouldn't have submitted specials for loss of wages in that respect.

"[Defense counsel]: Correct.

"THE COURT: All right. I understand that, and it's noted."

Plaintiff appears to claim that defendant failed to lay the ground work for a motion for judgment n.o.v. because: 1) her motion was a motion to strike the allegations concerning lost wages and not a motion for directed verdict and 2) her objection to the modified verdict form was not sufficient to apprise the trial court of the ground of defendant's objection. The claim has no merit.[3]

Plaintiff appears to argue also that it was error to grant the judgment n.o.v. because there was sufficient

---

[2] The trial court explained:

"* * * I'm going to set out, then, special damages; under that, two subheads: medical and hospital expenses, blank dollars, loss of wages, blank dollars, so that if this jury wants to consider that and comes up with an inappropriate award, we can excise that and not have to worry about it."

[3] It is abundantly clear that the trial judge understood that defendant's motion to strike and her objection to the verdict form was on the ground that there was insufficient evidence to submit plaintiff's claim of lost earnings to the jury. The trial judge did not misunderstand, nor was he misled because defendant failed to use the language of ORCP 60 and move for a directed verdict. *See Crooks v. Payless Drug Stores,* 285 Or 481, 592 P2d 196 (1979), where the court held that the defendant's motion at the end of the evidence to strike punitive damages was sufficient to support a motion for judgment n.o.v. *See also Goodson v. General Telephone,* 49 Or App 605, 620 P2d 926 (1980).

evidence to submit to the jury her claim of lost earnings. A judgment n.o.v. should not be granted if there is any evidence to support the verdict. *Hill v. Garner,* 277 Or 641, 643, 561 P2d 1016 (1977). We review the evidence in the light most favorable to plaintiff. *Hill v. Garner, supra; Package Containers v. Directors,* 270 Or 845, 846, 530 P2d 40 (1974).

Plaintiff's last employment before the accident in November, 1977, was with Alaska Packers during the spring of 1977. At the time of the accident she was unemployed. In 1978, she worked for brief periods in a cabinet shop, for the town of Hammond and in a "crab plant." In 1979 she was employed by "Clatsop College" but left after three months because of her physical condition. There is no evidence of what her wages were at any of the places of employment, either before or after the accident, nor is there any evidence by which to compute her wages. Plaintiff contends that because she is self-supporting, it is self-evident that she had to have earnings to support herself. The difficulty is, however, that there is no evidence to determine what plaintiff's wages were before trial or how much she may have lost in wages.

■ ■ Damages cannot be based on conjecture and speculation. The familiar rule that damages must be established with "reasonable certainty" is reiterated in *Jenks v. Larimer,* 268 Or 37, 42, 518 P2d 1301 (1974), an action concerning the loss of business income:

> "* * * [C]laims for damages resulting from torts consisting of alleged loss of earnings or income of a business, as in this case, whether past or future, must nevertheless be established with 'reasonable certainty' in the sense that 'supporting data' must be offered to the extent that such data is reasonably available to show both existence and amount of the alleged loss of past or future earnings or income and in terms of net, rather than gross earnings or income. *See Pearson v. Schmitt,* 259 Or 439, 442, 487 P2d 84 (1971). *Cf. Verret v. Leagjeld,* 263 Or 112, 115, 501 P2d 780 (1972). See also McCormick on Damages, 309-13, § 87 (1935)."

*See also Porter v. Headings,* 270 Or 281, 527 P2d 403 (1974); *Conachan v. Williams,* 266 Or 45, 511 P2d 392 (1973). Plaintiff's evidence was insufficient to present a

jury question on the issue of lost earnings, and she is not entitled to a verdict for lost wages wholly unsupported by the evidence.

■ Defendant cross-appeals,[4] contending that it was error to deny her motion for a new trial. ORCP 64. The motion was on the ground that the court committed an error of law when it denied her motion to strike plaintiff's claim for lost earnings. ORCP 64B(6) provides:

> "A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party.
>
> "* * * * *
>
> "B(6) Error in law occurring at the trial and objected to or excepted to by the party making the application."

When defendant's motion for judgment n.o.v. was granted and her motion for new trial was denied, the trial judge reasoned:

> "* * * I have to set aside the claim for lost wages, but I don't think that that had such a deterring effect that it tended to increase or modify or affect in any way the award of generals and the other medical specials award made by this jury. So I think that I am going to allow your alternative motion for a partial judgment NOV, but I'm going to deny your motion for a new trial."

Defendant relies on *Jenks v. Larimer, supra,* where the trial court erred in submitting the plaintiff's claim for lost income to the jury and the court stated, "It also follows that the case must be remanded for a new trial." 268 Or at 42. *Jenks* is not authority for the proposition that defendant now urges. Nothing in *Jenks,* indicates whether plaintiff recovered special damages in addition to lost income, or whether the verdict forms segregated the claim for lost

---

[4] ORS 19.130(2) provides:

"Where in the trial court a motion for judgment notwithstanding the verdict and a motion for a new trial were made in the alternative, and an appeal is taken from a judgment notwithstanding the verdict or an order granting a new trial, the court to which the appeal is made may consider the correctness of the ruling of the trial court on either or both motions if such ruling is assigned as erroneous in the brief of any party affected by the appeal, without the necessity of a cross-appeal."

income from the other special damages, if any. In the present case, the verdict form was fashioned to permit the segregation and elimination of an award of special damages for lost wages without violating the remainder of the verdict.

A new trial may be ordered only for prejudicial error. *Beglau v. Albertus,* 272 Or 170, 181, 536 P2d 1251 (1975). The court said in *Beglau:*

> "* * * [W]hen error has been committed this court, in determining on an appeal from an order granting a new trial whether such error was so prejudicial as to prevent a party from having a fair trial, usually defers to the discretion of the trial court. It has also been said that a stronger showing is required to reverse an order granting a new trial than to reverse an order denying a new trial." (Footnotes omitted.)

The rule was further explained in *Moore v. Adams,* 273 Or 576, 579, 542 P2d 490 (1975):

> "In appeals from the denial of a motion for a new trial, we generally defer to the discretion of the trial court. *Beglau v. Albertus,* 272 Or [170], 536 P2d 1251 (1975); *Snyder v. Hunter Room, Inc.,* 269 Or 536, 525 P2d 1293 (1974). This is because the trial judge is usually in a better position to evaluate the circumstances of each case and the prejudicial effect, if any, of any claimed irregularity. *Schmitz v. Yant,* 242 Or 308, 313, 409 P2d 346 (1965); *Johnson v. Kolovos,* 224 Or 266, 275, 355 P2d 1115 (1960)."

The parties are entitled to one fair trial. Defendant has made no showing that her right to a fair trial has been impaired. There is nothing in the record to indicate that the verdict was prejudiced by submitting to the jury the claim for lost earnings.

Affirmed.