Argued and submitted March 16, reversed and remanded August 29, 1984

## PACIFIC NORTHWEST BELL
## TELEPHONE COMPANY,
*Appellant,*

*v.*

## SANDERS et ux,
*Respondents.*

## (A8210-05981; CA A29542)

686 P2d 1069

Richard J. Busch, Portland, argued the cause for appellant. With him on the brief was Pacific Northwest Bell Legal Department, Portland.

Todd A. Bradley, Hillsboro, argued the cause for respondents. On the brief was William H. Stockton, Hillsboro.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff seeks damages that it alleges resulted from the escape of effluent from defendants' sewer line into plaintiff's underground utility system. The trial court granted defendants' motion for summary judgment. Plaintiff appeals and we reverse.

■ Plaintiff assigns error to the trial court's rulings that plaintiff had produced no evidence to create issues of fact as to whether defendants owned the sewer line, whether defendants had received notice of the break in the line or whether the damage was caused by the escape of sewage from defendants' line rather than elsewhere. We disagree with all of the trial judge's rulings but find it necessary to discuss only the causation issue. There was evidence from which a factfinder could infer that effluent escaped from defendants' line and that that was the cause of the problem. The difficulty arises because the evidence also showed that there were equally plausible alternative sources of the damage. However, the principle expressed in *James v. Carnation Co.,* 278 Or 65, 70, 562 P2d 1192 (1977), that "it is not necessary that the plaintiff offer evidence eliminating all possible causes of the accident not involving defendants' negligence" is applicable here and is inconsistent with the granting of defendants' motion.

■ Plaintiff also assigns as error the trial court's ruling that defendants' violation of a Portland ordinance prohibiting maintenance of sewers "in a condition dangerous or detrimental to life or health" was not negligence *per se.* We agree with the trial court. So far as *the summary judgment record* indicates, the only injury was damage to the underground system, and that is not "harm * * * of the kind which the [ordinance] was intended to prevent." *Bob Godfrey Pontiac v. Roloff,* 291 Or 318, 326, 630 P2d 840 (1981).

Reversed and remanded.