Argued and submitted December 3, 1984, reversed, judgment reinstated, remanded for
new trial limited to punitive damages March 6, 1985

# CANTON,
*Appellant,*

*v.*

# HAUGE et al,
*Respondents.*

## (A8210-06004; CA A30893)

696 P2d 1126

Appeal from Circuit Court, Multnomah County.

John C. Beatty, Jr., Judge.

Michael R. Shinn, Portland, argued the cause for appellant. With him on the brief was Pippin, Bocci & Shinn, Portland.

Cynthia S. C. Shanahan, Portland, argued the cause for respondents. With her on the brief were James B. O'Hanlon, and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff appeals from a trial judge's order setting aside a judgment for plaintiff in a wrongful death case. He also appeals the judge's ruling sustaining defendants' motion for a directed verdict on the issue of punitive damages. We reinstate the judgment and remand for a new trial limited to punitive damages.

In August, 1981, Joe Hauge and his 20 year-old brother David met decedent, William Canton, at the Hauge residence in Portland. Having obtained permission to use his father's car, Joe drove David and decedent to a store, where they purchased two twelve-packs of beer. En route to Vancouver, Washington, and then back to Portland, they drank the beer. About midnight, they drove northbound on 122nd Avenue and stopped for a red light at Division Street. In that area, 122nd Avenue has four lanes, two in each direction. The designated speed is 35 miles per hour.

At trial, David testified that, when the light turned green, Joe "stomped his foot on the accelerator," reaching a speed "somewhere between forty and ninety" miles per hour. As the car approached Market Street, another car driven by one Zeeb pulled out of a driveway onto the far right northbound lane of 122nd Avenue and stopped. At that time, the Hauge car hit a rise in the pavement, skidded out of control, crashed into the Zeeb car and skidded 111 feet before coming to a stop. The collision drove the Zeeb car sideways 54 feet until it collided with a telephone pole. Canton and both occupants of the Zeeb car were killed.

During closing argument plaintiff's attorney made the following statement:

"In the Old Testament, the biblical form of justice in a case like this was an eye for an eye, death for a death. It was a vengeful form of justice, a bitter one. We have come a long way since those days. We are not asking to punish Joe Hauge or his father. I have here a promissory note from Donna Canton and James Canton. It is made out to Mr. O'Hanlon [defendants' attorney]. Each of them says: 'Promise to pay him $750,000 apiece as of today'."

Defendants' attorney objected at that point. The objection

was sustained, and plaintiff's attorney abandoned that line of argument.

After the jury retired to deliberate, both parties' attorneys excepted to certain jury instructions. The trial judge agreed to reinstruct the jury. However, before reinstruction, defendants' attorney moved for a mistrial on the ground that plaintiff's attorney's quoted argument to the jury constituted misconduct that had materially prejudiced defendants' case. The judge denied a mistrial but agreed to reconsider defendants' motion later. Thereafter, the jury returned a verdict in plaintiff's favor for general and special damages.

Defendants then moved for a new trial under ORCP 64B(1)-(3), (5) and (6).[1] They contended, *inter alia,* that plaintiff's attorney's argument constituted prejudicial misconduct deliberately and intentionally misleading the jury. The judge ruled that defendants' mistrial motion was not timely and, therefore, that defendants had no grounds for a new trial under ORCP 64B. However, the judge then ordered a new trial on his own motion on the ground that plaintiff's attorney's argument constituted material and substantial misconduct. ORCP 64G. Thereafter, the judge concluded that he had exceeded his power in granting a new trial, because his new trial order had not been issued within 30 days. ORCP 64G. The judge then reconsidered his earlier ruling that defendants' mistrial motion was not timely, decided that it

---

[1] ORCP 64B provides in relevant part:

"B. **Jury trial; grounds for new trial.** A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"B.(1) Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having fair trial.

"B.(2) Misconduct of the jury or prevailing party.

"B.(3) Accident or surprise which ordinary prudence could not have guarded against.

"* * * * *

"B.(5) Insufficiency of the evidence to justify the verdict or other decision, or that it is against law.

"B.(6) Error in law occurring at the trial and objected to or excepted to by the party making the application."

was timely and thereupon set aside the judgment for plaintiff and ordered a new trial.[2]

We will affirm a trial judge's order granting a new trial if any of the grounds argued in support of the motion is well taken. *Williams v. Laurence-David,* 271 Or 712, 718, 534 P2d 173 (1975). Here, we confine our analysis to plaintiff's attorney's alleged misconduct during closing argument, because that constitutes defendants' only argument with merit. We usually defer to a trial judge who has ordered a new trial when the issue is the prejudicial effect of an irregularity. *See Moore v. Adams,* 273 Or 576, 579, 542 P2d 490 (1975); *Owens v. Haug,* 61 Or App 513, 519 658 P2d 523 (1983). However, a judge properly may order a new trial only when there is a basis for finding substantial prejudicial error. *Williams v. Laurence-David, supra,* 271 Or at 718; *McIntosh v. Lawrance,* 255 Or 569, 572, 469 P2d 628 (1970).

Here, it is clear that the judge misunderstood the import of plaintiff's attorney's argument. In his first opinion letter granting a new trial, the judge wrote:

"7. In the argument to which objection is made, [plaintiff's attorney] suggested to the jury that the plaintiff had executed two promissory notes payable to Mr. O'Hanlon [defendants' attorney] in the amount of $750,000 each, and while saying these words he reached into his coat pocket and pulled out two pieces of paper similar in size to the ordinary note form. The transcript indicated at the time the objection was made, I was certainly confused as to what [plaintiff's attorney] was about. As I recall, I was working on instructions at the time and not following the argument closely. But what I did see and hear was more than sufficient to sustain the objection."

The judge did not understand the argument plaintiff's attorney was making to the jury. The argument was anecdoctal. It was intended to suggest plaintiff's valuation of decedent's life, and it was permissible. The judge should have overruled defendants' objection. To declare a mistrial instead

---

[2] Plaintiff also argues that defendants' mistrial motion was not timely and, therefore, they waived any objection. *See Blanton v. Union Pacific Railroad Co.,* 289 Or 617, 623, 616 P2d 477 (1980); *Raymond v. Southern Pacific Co.,* 259 Or 629, 637, 488 P2d 460 (1971). For the purpose of discussion, we assume that the judge's ruling as to timeliness was correct.

only compounded the error; the granting of a new trial was an abuse of discretion.

Plaintiff next contends that the trial judge erred in directing a verdict for defendants on the punitive damages issue. We review the evidence in the light most favorable to plaintiff, allowing him every favorable inference that can be drawn from the evidence. *See 2-D's Logging v. Weyerhaeuser,* 53 Or App 677, 632 P2d 1319, *rev den* 292 Or 109 (1981).

In *Noe v. Kaiser Foundation Hospital,* 248 Or 420, 425, 435 P2d 306, 27 ALR 3rd 1268 (1967), the Supreme Court stated:

> "Punitive damages can only be justified on the theory of determent. See Hodel, The Doctrine of Exemplary Damages in Oregon, 44 Or L Rev 175 (1965). It is only in those instances where the violation of societal interests is sufficiently great and of a kind that sanctions would tend to prevent, that the use of punitive damages is proper. Regardless of the nomenclature by which a violation of these obligations is described (grossly negligent, willful, wanton, malicious, etc.), it is apparent that this court has decided that it is proper to use the sanction of punitive damages where there has been * * * particularly aggravated [conduct]."

The evidence shows that defendant Joseph Hauge drove at speeds of up to 90 miles per hour in an area where the designated speed was 35 miles per hour. It was about midnight. Visibility was restricted. Hauge failed to notice the rise in the pavement that, combined with his excessive speed, caused his car to skid out of control. The collision occurred in a residential and commercial area where major intersections are controlled by stop lights and where many driveways have access onto 122nd Avenue. Although Hauge's blood alcohol level was only .05,[3] nevertheless the jury could have found that he was under the influence of alcohol. We conclude that the totality of the evidence presented a jury question whether he was wantonly indifferent to the safety of other drivers and pedestrians as well as to the safety of plaintiff's decedent. *See Burrows v. Nash,* 199 Or 114, 259 P2d 106 (1953). Therefore, a

---

[3] At trial, plaintiff conceded that defendant Joe Hauge was not in violation of ORS 487.540(a). However, he did not concede that Hauge's consumption of alcohol was not a contributing factor to the collision. *See Harrell v. Ames,* 265 Or 183, 508 P2d 211 (1973).

jury question was presented on the issue of punitive damages.[4] The judge erred in sustaining defendants' motion for a directed verdict on that issue.

Reversed; judgment reinstated; remanded for new trial limited to punitive damages.

---

[4] Defendant's reliance on *Roehr v. Bean,* 237 Or 599, 605-606, 392 P2d 248 (1964) is misplaced. In that case, the court stated:

"To drive in excess of the indicated speed is only prima facie evidence of negligence. There must be other circumstances then and there existing to warrant the conclusion that the operation of the vehicle in excess of that speed constituted a negligent act."