On petitioner's reconsideration filed February 21, reconsideration allowed, former opinion (71 Or App 837, 695 P2d 100) withdrawn; reversed in part; affirmed in part; and remanded for further proceedings April 10, 1985

In the Matter of the Compensation
of Gary R. Thomas, Claimant.

THOMAS,
*Petitioner,*

*v.*

LIBERTY MUTUAL INSURANCE,
*Respondent.*

(81-02240; CA A31226)

698 P2d 967

Richard A. Lee, Eugene, for petition.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant filed a petition for review in the Supreme Court, ORAP 10.05, which we treat as a petition for reconsideration. ORAP 10.10. We affirmed, without opinion, the Workers' Compensation Board's disallowance of compensation for, among other claims, an anxiety reaction or syndrome. We grant the petition.

Claimant suffered a compensable injury when he received a severe electric shock while working on power lines. In the original judicial review, claimant focused on his contention that the Board erred in not remanding the case for the taking of additional evidence; he also contended that the Board erred in affirming the referee's order. In his petition for review, he focuses on what appears to be an error of law committed by the referee in failing to consider certain medical evidence in determining whether claimant's anxiety reaction was causally related to his compensable injury.

The record reflects no less than three medical opinions that diagnose an anxiety reaction or syndrome. Dr. Bert, who treated claimant for neck and shoulder discomfort, stated in a letter to the insurer dated April 30, 1980, that claimant had "some impairment based upon anxiety and pain of perhaps 15 percent." Dr. Wagner, an examining physician, stated in a letter to claimant's attorney, June 27, 1980:

> "Last, but not least, the patient's concern over his physical disability has caused great anxiety. He acknowledges the interaction of this anxiety with his lack of improvement."

Orthopaedic Consultants, in a letter to the insurer dated January 26, 1981, diagnosed "anxiety reaction, severe; bordering on conversion reaction." The opinions of those doctors regarding claimant's anxiety reaction were not contradicted. The reports repeatedly state that there is an absence of objective evidence for the many subjective symptoms which claimant continued to experience.

The referee found claimant's testimony regarding his symptoms credible; however, he concluded that claimant had failed to meet his burden of proof on the issue of anxiety reaction, because there was no psychiatrist's or psychologist's report in the record, which the referee believed was necessary

to verify the diagnosis of anxiety reaction and to establish causation:

> "The record certainly suggests that the claimant has psychological problems—and that those problems may account for the increasing variety of subjective complaints. A 'severe anxiety syndrome' may be the correct diagnosis. However, there is no opinion from a psychologist or psychiatrist in this record. I believe that an opinion from such an expert would be necessary to both verify that diagnosis *and* establish that the condition was the result of the electrical shock injury. * * *" (Emphasis in original.)

The Board appears to have agreed with that assessment of the record.

■ ■ The Supreme Court, in *Barrett v. Coast Range Plywood*, 294 Or 641, 661 P2d 926 (1983), held that evidence of functional overlay must not be ignored simply because the evidence does not consist of expert psychological evaluation; a physician or surgeon is not incompetent to testify as an expert merely because he or she is not a specialist in the particular branch of the profession involved in the case. As pointed out, there is medical evidence in this case that claimant had an anxiety reaction to the industrial injury that caused subjective symptoms. If the injury was a material contributing cause of claimant's anxiety resulting in disability, the condition is compensable. Because the referee refused to consider that evidence on the ground that the doctors were not specialists on this subject, the case must be remanded.

Petition for reconsideration granted; former opinion withdrawn; Board's order reversed insofar as it affirmed referee's opinion and order refusing to consider the medical evidence of claimant's anxiety reaction; affirmed otherwise; and remanded for further proceedings not inconsistent with this opinion.