Argued and submitted June 14, affirmed November 13, 1991, reconsideration denied
February 19, petition for review denied March 24, 1992 (313 Or 74)

# Roberta Lea SCHACHER,
### *Respondent,*

### *v.*

# Julie DUNNE,
### *Appellant.*

## (A8905-02965; CA A65516)

820 P2d 865

Lauren M. Underwood, Portland, argued the cause for appellant. With him on the briefs were Paul L. Roess and Acker, Underwood, Norwood & Hiefield, Portland.

Timothy J. Vanagas, Gresham, argued the cause for respondent. With him on the brief were E. Shane Reeder and Jennings & Vanagas, Portland.

Before Richardson, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Defendant appeals from an order granting plaintiff's motion for a new trial after the jury had returned a verdict in favor of defendant. We affirm.

■ Plaintiff was injured when her pickup truck collided with a car driven by defendant. She sought damages for personal injuries and medical expenses. The case was tried to a jury, which returned a verdict in favor of defendant. Plaintiff moved to set aside the judgment and grant a new trial on the ground that the trial court had erred by denying her the opportunity to cross-examine defendant's expert witness, a medical doctor, about whether plaintiff's symptoms could be explained by psychological factors. The trial court agreed with plaintiff and granted a new trial. Defendant asserts that the trial court erred, because the only ground argued in support of the motion was without merit.

ORCP 64B provides:

"A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"* * * * *

"B.(6)    Error in law occurring at the trial and objected to or excepted to by the party making the application."

We will affirm an order granting a new trial if any of the grounds argued in support of the motion is well taken and the error is prejudicial. *Williams v. Laurence-David,* 271 Or 712, 718, 534 P2d 173 (1975).

■ Defendant first argues that denying plaintiff the opportunity to cross-examine defendant's expert witness about psychological factors contributing to plaintiff's symptoms was not error, because the witness was not qualified as a professional psychiatrist to render an opinion on the question. "A physician or surgeon is not incompetent to testify as an expert merely because he or she is not a specialist in the particular branch of the profession involved in the case." *Thomas v. Liberty Mutual Insurance,* 73 Or App 128, 131, 698 P2d 967 (1985); *also see Barrett v. Coast Range Plywood,*

294 Or 641, 649, 661 P2d 926 (1983). Medical doctors "may express expert opinions about the [psychological] disability. The fact that they are not psychotherapists may go to the weight to be accorded their testimony but that fact cannot serve as the reason to disregard the testimony entirely." *Barrett v. Coast Range Plywood, supra.* The trial court erred in ruling that the witness was not qualified to testify about psychological factors.

Defendant argues that, even if denying the opportunity to cross-examine was error, the error was not preserved, because plaintiff made no offer of proof. An error that is not preserved cannot properly form the basis for a motion for a new trial. ORCP 64B(6); *Onita Pacific Corp. v. Trustees of Bronson,* 104 Or App 696, 712, 803 P2d 756 (1990), *rev allowed* 311 Or 349 (1991). However, when an error that affects a substantial right of a party is based on a ruling that excludes evidence, it is preserved if "the substance of the evidence was made known to the court by offer *or* was apparent from the context within which questions were asked." OEC 103(1)(b). (Emphasis supplied.)[1] One purpose of an offer of proof is to "assure that the trial court can make an informed decision. An offer of proof permits the parties to raise additional arguments, if appropriate, and gives the court an opportunity to reconsider its ruling and correct any error." *State v. Olmstead, supra* n 1, 310 Or at 461. That purpose was satisfied here. The questions asked and the arguments presented to the court on the issue were adequate to inform the trial court of the substance of the evidence and its error in excluding it. The court's ruling that the witness was unqualified to render an opinion about psychological

---

[1] *State v. Affeld,* 307 Or 125, 764 P2d 220 (1988), overruled the line of cases that had held that an offer of proof need not be made on cross-examination. It did not, and could not, overrule OEC 103(1)(b). Although it states that an offer of proof is always required, unless the trial court refuses to allow the offer of proof to be made, that statement must be considered in the light of the facts of that case. In *Affeld,* the defendant not only made no offer of proof, he asked no further questions and made no arguments regarding the court's error in excluding the evidence. 307 Or at 127. The court, therefore, did not consider the language of OEC 103(1)(b) that states that an error is preserved if the substance of the evidence "was apparent from the context within which questions were asked." *State v. Olmstead,* 310 Or 455, 459, 800 P2d 277 (1990), cites *Affeld* for the proposition that, "[i]n order to preserve error relating to the exclusion of evidence, a party *ordinarily* must make an offer of proof as to the content of the excluded evidence." (Emphasis supplied.) That statement suggests that the court may not consider *Affeld* to be as restrictive as its language indicates.

issues shows that the court understood the substance of what plaintiff was seeking to show by that line of cross-examination—that the witness had no expertise and that, therefore, his testimony had little weight. We conclude that the error was preserved.

■    Defendant next argues that denying the opportunity to cross-examine defendant's witness did not materially affect plaintiff's substantial rights. ORCP 64B. A new trial may be ordered only for prejudicial error; however,

> "when error has been committed this court, in determining on an appeal from an order granting a new trial whether such error was so prejudicial as to prevent a party from having a fair trial, usually defers to the discretion of the trial court. It has also been said that a stronger showing is required to reverse an order granting a new trial than to reverse an order denying a new trial." *Beglau v. Albertus,* 272 Or 170, 181, 536 P2d 1251 (1975). (Footnotes omitted.)

*See also Owens v. Haug,* 61 Or App 513, 519, 658 P2d 523, *rev den* 294 Or 792 (1983). We defer to the trial court, because "the trial court is usually in a better position to evaluate the circumstances of each case and the prejudicial effect, if any, of any claimed irregularity." *Moore v. Adams,* 273 Or 576, 579, 542 P2d 490 (1975).

In this case, on direct examination and in his medical report, defendant's witness referred to "psychological factors that cause the symptoms to go on." The jury could have concluded that those factors were the cause of plaintiff's symptoms. Plaintiff should have been allowed on cross-examination to ask questions about the witness' testimony and expertise on the subject, so that the jury could decide what weight to give the testimony. The trial judge, who heard all the evidence and the parties' arguments, must have concluded that denying plaintiff the opportunity to cross-examine defendant's witness was error and that the error was prejudicial.

Only a portion of the record was designated on appeal. Faced with a limited record of the proceedings at trial, we cannot say that the trial court's conclusion was unjustified. Deference to the trial court's determination that an error was so prejudicial that a new trial should be granted is especially appropriate when the appellant has furnished an

incomplete record. *Schafroth v. Baker,* 276 Or 39, 48, 553 P2d 1046 (1976).

Affirmed.