Argued and submitted November 12, 1999, affirmed June 28, 2000

## Anndria GROSS,
*Appellant,*

*v.*

## Robert J. HACKER, M.D.,
## and Robert J. Hacker, M.D., P.C.,
*Respondents.*

(16-96-08672; CA A101750)

4 P3d 1281

Michael H. Bloom argued the cause for appellant. With him on the briefs was Douglas L. Schaeffer.

Lindsey H. Hughes argued the cause for respondents. With her on the brief was Keating Jones Bildstein Hughes & Yelnosky, P.C.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

■      Plaintiff appeals from a judgment in favor of defendant in this medical malpractice action. She assigns error to the trial court's denial of her motion for a new trial. ORCP 64 B. We review the denial for an abuse of discretion and affirm. *Oberg v. Honda Motor Co.*, 316 Or 263, 272, 851 P2d 1084 (1993), *rev'd on other grounds* 512 US 415, 114 S Ct 2331, 129 L Ed 2d 336 (1994).[1]

Defendant, a physician, operated on plaintiff's back. Following the operation, plaintiff experienced bowel, bladder and sexual dysfunction. Defendant referred her to several doctors but none were able to provide her relief from those difficulties. Plaintiff brought this malpractice action on the theory that the cause of her problems was an untreated post-operative hematoma that defendant negligently failed to diagnose and treat. Defendant denied liability and also suggested that an unrelated condition was causing her symptoms. After plaintiff rested her case at trial, defendant called several physicians as witnesses, including some who had treated plaintiff after the referrals from defendant. Dr. Burchiel was one of those witnesses. According to plaintiff, Burchiel was the only treating physician besides defendant who attributed plaintiff's symptoms to the other cause. The eight-day trial ended with a jury verdict against plaintiff, and the grounds for her motion center around Burchiel's testimony.

After trial, plaintiff discovered that Burchiel had charged defendant $3,000 for his trial testimony and a total of $4,000. Plaintiff also discovered correspondence in which defendant's counsel thanked Burchiel for "your time and effort to assist us in our defense of [defendant]" and requested that he submit his "statement for final services if there is any outstanding balance." Relying on that evidence, plaintiff moved for a new trial under ORCP 64 B. She argued that Burchiel had misled the jury when he testified that he

---

[1] The Supreme Court recently defined the term "discretion" in the context of evidentiary determinations, as "the authority of a trial court to choose among several legally correct outcomes." *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000). That understanding is also applicable here.

had not been compensated by defendant for his testimony and that he was not testifying on defendant's behalf. In response to plaintiff's motion for a new trial, Burchiel and defendant's counsel averred that they did not have any discussion before or during trial about compensation. Before trial, Burchiel had been consulted by counsel for both parties and had been subpoenaed by plaintiff to bring his treatment records of plaintiff to trial. Burchiel also sent a bill to plaintiff for services. Finally, Burchiel averred that his testimony at trial was truthful because he personally did not receive any of the money paid for his services. Rather, the monies went to a corporation that he had established which used "medico-legal" revenue from such services exclusively for the educational purposes of others at Oregon Health Sciences University. After reviewing the affidavits of both parties, the trial court denied plaintiff's motion without making any findings or articulating the reasons for its ruling.

On appeal, plaintiff assigns error to the denial under each of the grounds that she asserted in her motion: newly discovered evidence, prevailing party misconduct, and an irregularity in the proceedings. The initial two assignments of error focus on a portion of Burchiel's testimony during cross-examination at trial by plaintiff's counsel:

"Q.   [Defendant's] compensating you for your testimony today?

"A.   I don't make anything from this testimony.

"Q.   Okay. But you are testifying for [defendant]?

"A.   I was asked as a —

"Q.   I mean, is it not true that [defendant's counsel] claims you're his expert witness, and is it not true that it is your position we shouldn't be talking to you about expert testimony between you and him? Is that not true?

"A.   I'm here at the request of the court and request of [defendant's counsel] because I am a treating physician. And, also, I've been asked questions about the standard of care which I'm—willing to answer.

"Q.   And you were willing to answer questions about the standard of care earlier?

"A.  I think I have on the record.

"Q.  Before—on the record. Are you saying you don't have an expert relationship with this attorney here? Physician-expert relationship?

"A.  You're losing me. I have no idea what you're talking about at this point.

"Q.  Isn't it true you're his expert; aren't those your words?

"A.  No.

"Q.  No?

"A.  I don't believe so.

"Q.  So you are showing up today in this courtroom because you want to do justice against your patient, [plaintiff]; is that fair to say?

"A.  And I'm not sure how to answer this question. So, I'm here because I was asked to be here and I'm trying to cooperate with the court.

"Q.  And you were asked to be here by whom?

"A.  [Defendant's counsel] and I received a subpoena from your office, too, for medical records which I've produced.

"\* \* \* \* \*

"Q.  Okay. And I understand you're just giving a straightforward, objective opinion because you're here at the beckoning of the court; correct?

"A.  That's what I've said. Yes, sir."

ORCP 64 B provides, in pertinent part:

"A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"B(1)  Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having fair trial.

"B(2)  Misconduct of the jury or prevailing party.

"* * * * *

"B(4)  Newly discovered evidence, material for the party making the application, which such party could not with reasonable diligence have discovered and produced at the trial."

In *State v. Arnold*, 320 Or 111, 120, 879 P2d 1272 (1994), the Supreme Court held that newly discovered evidence under ORCP 64 B(2)

"that may justify a court in granting a new trial must meet the following requirements:

"(1)  It must be such as will probably change the result if a new trial is granted;

"(2)  It must be such as, with reasonable diligence could not have been discovered before or during the trial;

"(3)  It must be such that it cannot, with reasonable diligence, be used during trial;

"(4)  It must be material to an issue;

"(5)  It must not be merely cumulative;

"(6)  It must not be merely impeaching or contradicting of former evidence." (Footnote omitted.)

In order to prevail on her claim that defendant committed medical malpractice, plaintiff must establish by a preponderance of the evidence: (1) the degree of care, skill and diligence used by ordinarily careful physicians in the same or similar circumstances and in the same or a similar community; (2) that defendant failed to use reasonable care and diligence in the application of that skill; and (3) that, as a result of the failure to exercise reasonable care, plaintiff sustained injuries that would not otherwise have been sustained. *See Stevens v. Bispham*, 316 Or 221, 227, 851 P2d 556 (1993). Although Burchiel was one of 29 witnesses who testified during the trial, plaintiff argues that his testimony was material

to defendant's case because "[w]ithout Dr. Burchiel's opinion, [defendant] would be left with no medical testimony to support his theory of causation." Plaintiff concludes that it necessarily follows that the trial court abused its discretion in denying her motion.

We are unpersuaded. Under the rule, the newly discovered evidence must be evidence that was material to an issue, not merely cumulative, and it must be evidence that would probably change the result if a new trial was granted. The jury could have determined that there was insufficient evidence to demonstrate that defendant breached his standard of care as distinguished from finding that plaintiff's symptoms were caused by the condition testified about by Burchiel and defendant. Moreover, the "newly discovered" evidence constitutes mere impeachment evidence about whether Burchiel was being paid for his testimony. Plaintiff makes much of the fact that Burchiel implied in his testimony that he was there at the instance of the court and was not defendant's "expert." However, Burchiel also responded that he was "asked to be there" by defendant's counsel. Certainly, plaintiff would have been entitled to offer the "newly discovered evidence" to impeach Burchiel's testimony, but the trial court could have correctly reasoned that it would have been speculative to conclude that such impeachment would have probably changed the jury's verdict. Finally, the trial court could have believed that Burchiel testified truthfully when he said, "I don't make anything from this testimony," if, in fact, the monies charged for his testimony were funneled to a corporation from which he received no personal remuneration. For any one or all of these reasons, the trial court could have properly denied plaintiff's motion. Accordingly, we perceive no abuse of discretion because it denied plaintiff's motion under ORCP 64 B(4).

We turn to plaintiff's argument under ORCP 64 B(2). We also review the trial court's denial on that ground for an abuse of discretion. *Moore v. Adams*, 273 Or 576, 579, 542 P2d 490 (1975). Plaintiff encourages us to adopt federal precedents[2] that, according to plaintiff, "make clear that appellate courts are less restrained in the scope of their review

---

[2] *See Wharf v. Burlington Northern R. Co.*, 60 F3d 631 (9th Cir 1995); *Schultz v. Butcher*, 24 F3d 626 (4th Cir 1994); *US v. Shaffer Equipment Co.*, 11 F3d 450 (4th

where prevailing party misconduct is involved." Plaintiff argues that under that case law, "the focus is not so much on whether the judgment was 'correct' but on the manner in which the judgment was obtained and the fairness of the process." The federal rule under which the cases relied on by plaintiff were decided differs from ORCP 64 B. That rule, FRCP 60(b), provides, in pertinent part:

> "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party[.]"

Under ORCP 64 B, the prevailing party misconduct sufficient to grant a new trial must "materially affect[ ] the substantial rights" of the plaintiff. In light of the express language of ORCP 64 B, we reject plaintiff's argument that we should follow federal case law in interpreting ORCP 64 B. Again, the trial court could have found based on the affidavits before it that no misconduct occurred, or that defendant was unaware of any misrepresentation by Burchiel. In the alternative, the trial court could have decided that any misconduct did not materially affect the presentation of plaintiff's case or involved a collateral matter. We conclude that plaintiff has not demonstrated that the trial court abused its discretion in denying her motion for a new trial on the ground of "prevailing party misconduct."

■ Plaintiff's final assignment of error pertains to the trial court's denial of her motion for new trial based on an "irregularity" in the proceedings. ORCP 64 B(1). According to plaintiff, the "irregularity" was Burchiel's failure to bring the correspondence in his file with defendant's counsel to trial in response to plaintiff's subpoena. That correspondence includes: an August 1997 letter from defendant's counsel notifying Burchiel of a change in trial date and that either plaintiff or defendant might call him as a witness; a letter

Cir 1993); *Harre v. A. H. Robins Co.*, 750 F2d 1501 (11th Cir 1985) (characterization of witness's testimony as perjury and false testimony *vacated,* for purpose of criminal case pending in district court against witness, in 866 F2d 1303 (1989)); *Great Coastal Exp. v. International Broth., Etc.*, 675 F2d 1349 (4th Cir 1982), *cert den* 459 US 1128 (1983).

from defendant's counsel dated December 3, 1997, requesting him to review the enclosed medical records and thanking him for his time and effort in assisting defendant; and a fax cover sheet, dated December 8, 1997, from Burchiel to defendant's counsel that accompanied Burchiel's progress record on plaintiff. On December 9, 1997, Burchiel testified in court that he had brought everything he had to trial. Plaintiff contends that Burchiel testified untruthfully and that he concealed correspondence that would have shed light on his relationship with defendant's counsel. She argues:

> "Had Dr. Burchiel produced the correspondence between [him] and [defendant's counsel] prior to the completion of trial, [plaintiff] would have been able to expose to the jury that Dr. Burchiel's critical opinion on causation was tainted with bias in favor [of defendant]. * * * This irregularity in the proceedings prevented [plaintiff] from having a fair trial requiring a new trial under ORCP 64 B(1)."

For the reasons we articulated regarding the other two grounds advanced by plaintiff, the trial court could have concluded that the introduction into evidence of correspondence would not have had any material effect on the outcome of the trial and did not substantially prejudice plaintiff's case. Consequently, the trial court did not abuse its discretion in denying plaintiff's motion for a new trial on the ground that an irregularity in the proceedings denied plaintiff a fair trial.

Affirmed.