Argued May 8, affirmed September 8, 1972

WALKER, *Appellant, v.* SPOKANE, PORTLAND
AND SEATTLE RAILWAY COMPANY ET AL,
*Respondents.*
500 P2d 1039

*Robert D. Woods,* Eugene, argued the cause for
appellant. With him on the briefs were Riddlesbarger,
Pederson, Young & Horn, Eugene.

*Cleveland C. Cory,* Portland, argued the cause for respondents. With him on the brief was Clarence R. Wicks, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

DENECKE, J.

Plaintiff's decedent was killed when the car he was driving, which was stopped on defendant Oregon Electric's railroad tracks, was struck by Oregon Electric's train. The jury returned a verdict against plaintiff and she appeals. The only issue is whether the trial court correctly submitted the last clear chance doctrine to the jury.

If a jury finds that the defendant had the "last clear chance" to avoid injuring plaintiff, plaintiff can recover despite the fact that plaintiff was negligent and his negligence was a cause of his injury. *Lindsey v. Southern Pacific Co.,* 240 Or 11, 14, 399 P2d 152 (1965). The last clear chance doctrine in Oregon is known as the doctrine of "discovered peril." We have repeatedly held that "a defendant cannot be held to have the last clear chance unless he *knows* of plaintiff's peril; it is not sufficient if only he *should have known* of plaintiff's peril." *Lindsey v. Southern Pacific Co.,* supra (240 Or at 14).

The trial court instructed the jury that in order for the doctrine to apply, the train crew must have actual knowledge both that the decedent was on the track and that he was oblivious to his peril or unable to extricate himself from his peril. The plaintiff contends that this was in error in that in order to make the doctrine of last clear chance applicable it is neces-

sary only that the train crew know of plaintiff's physical presence; it is not necessary that the crew also actually know that plaintiff is oblivious to his peril or unable to extricate himself from peril. Plaintiff contends that as to this latter element it is sufficient if the jury could find that the train crew *should have known* plaintiff was oblivious to his plight or unable to extricate himself.

The actual knowledge of peril that the train crew must have includes necessarily both knowledge of the plaintiff's physical presence and knowledge that he is oblivious to the danger or cannot extricate himself. If the train crew knew of plaintiff's presence but thought he would move, then, they would have no knowledge he was in peril.

In *Emmons v. Southern Pac. Co.*, 97 Or 263, 191 P 333 (1920), the court stated why actual knowledge of plaintiff's peril is necessary for the logical application of the doctrine of discovered peril:

"* * * In our judgment, the addition of what the defendant ought to have known is not sound as a matter of law. It introduces the question of comparative negligence. It does not deal between the parties with equality. It excuses the negligence of the plaintiff at a certain point, but does not excuse that of the defendant at the same point. The true doctrine is that, granting that both parties are negligent as they approach the climax of the transaction, a situation may develop where the defendant on his part arrives at a knowledge and appreciation of the peril of the plaintiff and his inability to extricate himself therefrom, on the one hand, and on the other, that the plaintiff's negligence has ceased to operate as a factor, but remains only as a condition. At this point a new condition supervenes, in which all previous negligence of both parties is

laid out of the account, and a new duty, dating only from that moment, arises on the part of the defendant, who is required then, and not until then, under the last clear chance doctrine, to use all of the means he has at hand to avert the injury. * * *." 97 Or at 285.①

It would be patently illogical to hold that one element of actual knowledge of peril must be known, the physical presence of the plaintiff, but constructive knowledge would suffice for the other element, knowledge that the plaintiff no longer can escape injury.

Affirmed.

---

① We are not rehabilitating the use of such phrases as "negligence has ceased to operate" or "condition supervenes."