Argued and submitted December 7, 1984, reversed and remanded with instructions
April 3, reconsideration denied October 18, petition for review denied November 26,
1985 (300 Or 333)

# WEGENER,
*Appellant,*

*v.*

# WALTER KIDDE & CO., INC.,
*Respondent.*

# (A8112 07461; CA A30663)

697 P2d 981

J. Randolph Pickett, Portland, argued the cause and filed the brief for appellant.

Michael L. Rosenbaum, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff appeals from an order granting defendant's motion for a new trial after the jury returned a verdict in favor of plaintiff. We reverse and remand for entry of a judgment for plaintiff.

Plaintiff was injured when his car collided with a van driven by defendant's employe. He sought damages for personal injuries and medical expenses. Defendant filed an answer in which it denied being negligent, alleged that the accident was caused by plaintiff's own negligence and counterclaimed for $100 damage to its van.

The case was tried to a jury, which returned a verdict finding plaintiff 30 percent negligent and defendant 70 percent negligent. The jury found plaintiff's damages to be $14,000 and found that defendant was not entitled to damages. Defendant moved for a new trial under ORCP 64B(6) on the grounds that (1) the verdict form submitted to the jury was confusing, (2) the jury, as instructed, might have improperly awarded damages for an aggravation of a previous injury and (3) the trial court erred in denying one of defendant's requested instructions concerning negligence. The order granting the motion does not state the basis for the ruling, but the transcript of the hearing on the motion reveals that the trial court relied on the first two grounds. Plaintiff appeals.

■     ORCP 64B provides:

"A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"* * * * *

"B.(6) Error in law occurring at the trial and objected to or excepted to by the party making the application."

Under that rule, a trial court may grant a new trial only on grounds "materially affecting the substantial rights" of the moving party. The Supreme Court has stated that a new trial may be granted only when there is a substantial chance of prejudice to the moving party from asserted error during trial. *Libbee v. Permanente Clinic,* 269 Or 543, 547, 525 P2d 1296

(1974); *Snyder v. Hunter Room, Inc.,* 269 Or 536, 539, 525 P2d 1293 (1974); *Landolt v. The Flame, Inc.,* 261 Or 243, 262, 492 P2d 785 (1972); *McIntosh v. Lawrence,* 255 Or 569, 572, 469 P2d 628 (1970). When the chance of prejudice is quite unlikely, a new trial should not be granted, given the public's interest in the finality of judicial decisions. *Libbee v. Permanente Clinic, supra,* 269 Or at 547; *Snyder v. Hunter Room, Inc., supra,* 269 Or at 541. In this case, the order does not state the basis for the trial court's ruling. However, if any of the three grounds urged by defendant warrants a new trial, the order will be affirmed, whether or not it was the basis for the ruling. *Snyder v. Hunter Room, Inc, supra,* 269 Or at 538. We hold that none of those grounds support the order.

■ The first ground was that the verdict form submitted to the jury was confusing. ORCP 64B(6) requires that an error of law asserted as a ground for a new trial must have been objected to or excepted to by the moving party during trial. Defendant first raised the issue in its motion for a new trial. It objected generally to the trial court's failure to give all of its requested instructions, which it implies included its proposed verdict form. The verdict form submitted by defendant with its requested instructions erroneously included references to an additional defendant, who was then no longer in the case. When the trial court noted that error, it drafted the verdict form which was submitted to the jury. Defendant made no objection when the court's verdict form was read to the jury or when the jury returned the verdict. Defendant was obligated to call the issue to the attention of the court to give it an opportunity to correct the error before the jury was discharged. Because it failed to do so, the claimed error is not a basis for a new trial. *See Smith v. J. C. Penney Co.,* 269 Or 643, 525 P2d 1299 (1974).

The second ground was that the jury, as instructed, might have awarded plaintiff damages for an aggravation of a previous injury. Both parties agree that such an award would have been improper. Plaintiff did not plead such an aggravation, and the parties stipulated before trial that plaintiff sought damages only for new injuries and that aggravation of prior injuries was not an issue. Although the trial court perhaps could have better clarified the issue of damages in its jury instructions, there is not a substantial chance that the jury awarded damages for aggravation.

In April, 1981, a chiropractor treated plaintiff for pain of an unknown origin in his low back. Dissatisfied with that treatment, plaintiff sought treatment from an osteopathic physician, Dr. Patton. He visited Dr. Patton eight times between May 11 and June 12, 1981. Dr. Patton testified that, on the last visit, plaintiff's pain had been significantly reduced, that his back was stabilizing and that no further treatment was scheduled. Plaintiff testified that he had "no problems whatsoever" as of his last visit. Three days after the last visit plaintiff's back was injured in the automobile accident.

During opening statements, both parties' counsel told the jury that plaintiff was seeking recovery only for new injuries and that the jury was not to award damages for the previous injury or for aggravation of that prior injury. At trial, Dr. Patton testified that the accident "undeniably aggravated the low back condition" but that there was "some degree of new injury." He estimated that approximately one-half of plaintiff's "loss of function" in his back was related to new injuries. He further stated that the new injuries were superimposed on the existing injury. Plaintiff testified that he experienced different pain in different areas of his body after the accident. A neurologist, called as a witness for defendant, testified that there were no new injuries and that plaintiff had a preexisting symptomatic back disease that was temporarily worsened by the accident. In closing arguments, both attorneys reiterated that the issue of damages was limited to whether plaintiff had sustained any new injuries.

The only jury instruction given concerning the effect of plaintiff's previous injury on his recovery was based on Uniform Civil Jury Instruction 30.10:

> "If you find the plaintiff had a bodily condition prior to the accident which predisposed him to be more subject to injury than a person in normal health, then Defendant would be liable for the consequences of such injuries caused by negligence on his part, even though they may have been more severe than those which might have been suffered by a person in normal health under the same circumstances. The Defendant would not be liable for the prior medical condition itself, irrespective of its cause."

The trial court denied defendant's requested addendum to that instruction:

"However, the defendants would be responsible for these injuries only if they were new, separate and distinct injuries from those the plaintiff had prior to the 6/15/81 motor vehicle accident. Defendants would not be responsible for any injuries resulting from the 6/15/81 motor vehicle accident which were merely an aggravation, enhancement, or worsening of those injuries which plaintiff had sustained prior to 6/15/81. Likewise, the defendants would not be responsible for any new and distinct injuries which were not caused by the 6/15/81 motor vehicle accident but were caused by other activities. Thus, defendants' liability is only for those injuries which were caused by the 6/15/81 motor vehicle accident and which are separate and distinct injuries from those existing prior to 6/15/81."

It also refused to give the instruction requested by defendant:

"In this case, the plaintiff has alleged that the injury which he sustained as the result of the defendant's negligence was an entirely new injury.

"In determining the amount of damages to be awarded to the plaintiff in this case, if any, you will not consider compensation for any previous injury. In addition, you will not consider awarding compensation for any aggravation or worsening of a previous injury."

Defendant argued in its motion for new trial that the jury could have interpreted the instruction given as allowing a recovery for aggravation of the previous injury and, further, that the trial court erred in denying defendant's requested instructions. The trial court agreed.

■ Defendant's requested instructions would have clarified the issue of damages for the jury. *See Boatright v. Portland Ry., L. & P. Co.,* 68 Or 26, 32-35, 135 P 771 (1913), *overruled on other grounds, Fehely v. Senders,* 170 Or 457, 135 P2d 283 (1943). However, the court's refusal so to instruct the jury does not warrant a new trial. The attorneys for both parties made it clear to the jury in opening statements and closing arguments that plaintiff was seeking damages only for new injuries and not for aggravation of his previous injury. The instruction given did not permit the jury to award damages for an aggravation; it merely stated that defendant was liable for injuries caused by its negligence even though, because of plaintiff's previous injury, those injuries might have been more severe than those that would have been

suffered by a person of normal health. In short, our review of the record convinces us that the jury knew that it was entitled to award damages only for new injuries.

The third ground was the trial court's refusal to give Uniform Civil Jury Instruction 10.01:

"The law presumes that all persons have obeyed the law and have been free from negligence. Accordingly, the mere fact that an accident occurred or that a party sustained injury or damage is no indication of negligence on the part of anyone."

Defendant argues that there was sufficient evidence to support its theory that the accident was not caused by the negligence of either party and that, therefore, it was entitled to have that theory presented to the jury. *See Martin v. Burlington Northern,* 47 Or App 381, 386, 614 P2d 1203, *rev den* 290 Or 149 (1980).

■ There is not a substantial chance that the refusal to give the instruction was prejudicial to defendant. The trial court instructed the jury that plaintiff had the burden of proving by a preponderance of the evidence that defendant was negligent. Furthermore, the jury's finding that plaintiff was 30 percent negligent and defendant 70 percent negligent renders extremely remote the possibility that, had the requested instruction been given, the jury would have found neither party negligent.

Reversed and remanded with instructions to enter judgment for plaintiff.