Argued and submitted September 27, 1989, reversed and remanded May 23, reconsideration denied August 22, petition for review allowed September 18, 1990

(310 Or 393)

WASHINGTON,
*Appellant,*

*v.*

TASECA HOMES, INC., et al,
*Defendants,*

BUSH,
*Respondent.*

(A8603-01787; CA A48923)

792 P2d 453

Charles Robinowitz, Portland, argued the cause and filed the briefs for appellant.

Thomas M. Christ, Portland, argued the cause for respondent. With him on the brief was Mitchell, Lang & Smith, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

**DEITS, J.**

In this personal injury action arising out of an automobile accident, plaintiff appeals from a judgment awarding her damages of $41,250, pursuant to a jury verdict.[1] She argues that the trial court erred in excluding evidence of an admission of defendant made in a deposition. She seeks a new trial on the issues of liability and damages. We reverse.

In November, 1984, plaintiff was injured when her car and defendant's collided at an intersection. She was driving east, and defendant was westbound on N.E. Multnomah in Portland. Plaintiff alleged that, as she went through the intersection of Union and Multnomah, defendant made a left-hand turn directly in front of her car, causing them to collide. Defendant's affirmative defense was that the accident was caused by plaintiff's own negligence, because she failed to yield the right of way, maintain a proper lookout and maintain control of her vehicle and was driving too fast. Defendant testified that he did not see plaintiff's car until it was "[j]ust a few feet" from his car and that he was halfway or more into his turn, a second or two before they collided. He also testified that he did not know how fast her car was going. The jury found both plaintiff and defendant negligent, 45 percent and 55 percent, respectively. It found that plaintiff suffered a total of $75,000 in damages and, in accordance with the allocation of fault, plaintiff was awarded $41,250.

Plaintiff argues that the trial court erred in sustaining defendant's objections to introduction of a statement made by defendant in a deposition. The statement was made in response to a question by plaintiff's counsel:

"Counsel:   Is there anything that Mrs. Washington did in your opinion which was careless that caused this car wreck?

"Defendant:   No."

Plaintiff contends that that statement was admissible under OEC 801(4)(b)(A) as an admission by an adverse party. That rule provides:

---

[1] The original complaint also named Taseca Homes, Inc., and Morris Bush as defendants. However, before trial, plaintiff filed an amended complaint naming Michael Bush as the only defendant. Judgment was entered against him, and he is the only defendant who is a party to this appeal.

"A statement is not hearsay if:

"* * * * *

"(b)   The statement is offered against a party and is:

"(A)   That party's own statement, in either an individual or a representative capacity[.]"

Defendant does not argue on appeal that the statement was not an admission.[2] Rather, he contends that it is not admissible, because it was an opinion of a lay witness and does not meet the prerequisites of OEC 701 for the admission of such evidence. We need not decide whether the statement was admissible under OEC 701, because its admissibility as an admission of an adverse party under OEC 801(4)(b) makes OEC 701 inapplicable. As stated in the Commentary to OEC 701:

"In adopting this rule, the Legislative Assembly does not intend to make inadmissible an opinion that is presently admissible under Oregon law, even though the requirements of subsections (1) and (2) may not be satisfied."

In addition, the Commentary to OEC 801(4)(b) states:

"Paragraph (b) changes Oregon law with regard to admissions by a party opponent. An admission is presently considered to be hearsay, but is admissible under an exception to the hearsay rule. Under paragraph (b) an admission is not hearsay. The practical result is the same * * *. *The technical demands of the opinion rule and the rule requiring personal knowledge are suspended.*" (Emphasis supplied.)

The trial court erred in excluding defendant's admission, which was relevant to the comparative fault of the parties.

■     The remaining question is whether this case should be remanded for a new trial on all issues or only on the issue of comparative fault. Defendant argues that, on remand, comparative fault should be redetermined, but that the extent of damages should not be reconsidered. He contends that damages were determined at the first trial and that no issue relating to damages has been raised on appeal. There are cases in which it is appropriate to limit the issues to be considered in

_____

[2] Defendant contended at trial that the statement was not an admission of an adverse party.

a new trial. Here, however, the evidence on the issues of liability and damages overlap. We conclude that these issues are sufficiently intertwined to make a retrial on all issues appropriate. *Wilson v. B.F. Goodrich,* 52 Or App 139, 152-53, 627 P2d 1280 (1981), *aff'd* 292 Or 626, 642 P2d 644 (1982).[3]

Reversed and remanded.

---

[3] Because we remand for a new trial, we do not address plaintiff's assignment of error concerning the court's response to a question from the jury during deliberations, because it is not likely that the same situation will arise on retrial.