Argued and submitted November 6, the decision of the Court of Appeals affirmed and the judgment of the circuit court reversed and remanded for new trial
December 6, 1990

Viola J. WASHINGTON,
*Respondent on Review,*

*v.*

TASECA HOMES, INC.,
and Morris S. Bush,
*Defendants,*

Michael S. BUSH,
*Petitioner on Review.*

(TC A8603-01787; CA A48923; SC S37271)

802 P2d 70

Thomas M. Christ, Portland, argued the cause for petitioner on review. With him on the petition was Mitchell, Lang & Smith, Portland.

Charles Robinowitz, Portland, argued the cause and filed the response for respondent on review.

FADELEY, J.

**FADELEY, J.**

In this automobile collision case, the issue for review is whether the trial court erred in excluding from evidence defendant's admission at deposition that no carelessness of plaintiff caused the collision. On plaintiff's appeal, the Court of Appeals held that the exclusion of defendant's statement exculpating plaintiff was reversible error. *Washington v. Taseca Homes, Inc.,* 101 Or App 607, 792 P2d 453 (1990). We affirm the decision of the Court of Appeals.

The collision occurred on a four-lane street at an intersection controlled by a traffic light. Plaintiff was driving east; defendant was driving west. At trial, there was a conflict between the testimony of plaintiff and that of defendant concerning whose negligence had caused the accident. Before trial, plaintiff deposed defendant. That deposition contained the following question and answer:

> "Counsel [for plaintiff]: Is there anything that Mrs. Washington [plaintiff] did in your opinion which was careless that caused this car wreck?
>
> "Defendant: No."

Plaintiff sought to use that answer in her case in chief and also to impeach defendant after defendant testified at trial in a somewhat contradictory fashion. Defendant objected that the question and answer constituted an opinion and a legal conclusion of the witness. The trial court sustained defendant's objections, refused to admit the deposition question and answer in evidence, and explained that:

> "I guess what I have a problem with is that during deposition you put [defendant] in a position when he is a fairly young man and you stick him with a fairly complex legal conclusion on a liability of negligence. It's an opinion that I'm not sure he's qualified to give that kind of opinion."

The jury assessed plaintiff's total damages at $75,000 but found that plaintiff was 45 percent negligent and defendant 55 percent negligent. Accordingly the court awarded plaintiff $41,250.

OEC 402 provides in part:

> "All relevant evidence is admissible, except as otherwise provided by the Oregon Evidence Code, by the Constitutions

of the United States and Oregon, or by Oregon statutory and decisional law."

Relevant admissions of a party are generally considered substantive evidence. *See Moore v. Drennan,* 269 Or 189, 191-93, 523 P2d 1250 (1974) (plaintiff's inconsistent pretrial statement admissible); *Swain v. Oregon Motor Stages,* 160 Or 1, 82 P2d 1084, 118 ALR 1225 (1938) (adoptive admission that bus driver was not at fault held admissible); McCormick, Evidence 776, § 262 (3d ed 1984) ("regardless of the precise theory of admissibility, it is clear that admissions of a party come in as substantive evidence of the facts admitted"). Defendant makes no contention that his answer was not an admission or a statement of a party-opponent as defined in OEC 801(4)(b).[1]

Defendant argues that the fact that his statement is an admission of a party-opponent does not prevent the statement from being excluded from the evidence as an opinion of a kind rendered inadmissible by OEC 701. Defendant asserts:

> "Defendant's opinion that plaintiff did not drive carelessly was inadmissible under OEC 701, which prohibits opinion testimony by a lay witness unless it is (a) '[r]ationally based upon the perception of the witness' and (b) '[h]elpful to a clear understanding of the testimony of the witness or the determination of a fact in issue.' Since defendant did not see plaintiff's car before the collision, his opinion that she did nothing 'which was careless that caused this car wreck' was based not on perception but rather on speculation."[2]

Courts (and evidence authorities) treat *a party's* declaration about a material fact in issue as an admission notwithstanding that the party couches the admission in

---

[1] OEC 801(4)(b) defines admissions as a statement by a party-opponent:

"The statement is offered against a party and is:

"(A) That party's own statement, in either an individual or a representative capacity * * *."

[2] OEC 701 provides:

"If the witness is not testifying as an expert, testimony of the witness in the form of opinions or inferences is limited to those opinions or inferences which are:

"(1) Rationally based on the perception of the witness; and

"(2) Helpful to a clear understanding of testimony of the witness or the determination of a fact in issue."

OEC 701(1) does not limit the means or type of perception about which it speaks. We would note that defendant was aware of his own conduct as a driver when he answered the question that no carelessness of plaintiff caused the collision. That observation does not form the basis for decision in this case, however.

language of opinion or legal conclusion; thus, such a declaration by a party usually is admissible evidence. McCormick, *supra,* at 779-80, reports that:

> "The prevailing view is that admissions in the form of opinions are competent. * * * Against these and like statements, the additional objection is often urged that they are conclusions of law. But this should be no objection either. * * * These [admissions] always include in them an application of a standard to the facts; thus they suggest what the declarant thinks the facts are to which he is applying the standard of 'fault,' or other legal or moral standard involved in his statement. The factual bearing is not to be ignored merely because the statement may also indicate the party's assumptions as to the law."

McCormick cites as authority that this is the prevailing view:

> "*Strickland v. Davis,* 221 Ala. 247, 128 So. 233 (1930) (defendant after accident said it was his fault; held admissible, rejecting the application to admissions of requirements for testimony on the stand, and the objection that the statement expressed a conclusion of law); *Swain v. Oregon Motor Stages,* [*supra*] (plaintiff, bus passenger suing for injury in collision with automobile, stated in accident report that driver of automobile to blame admissible; extensive discussion); *Wells v. Burton Lines,* 228 N.C. 422, 45 S.E.2d 569 (1947) (plaintiff after collision said it was his fault); *Woods v. Townsend,* 144 Tex. 594, 192 S.W.2d 884 (1946) (will contest for undue influence; admission of proponent, 'we got the papers fixed . . . but the old man didn't know what he was doing'); *Southern Passenger Motor Lines v. Burke,* 187 Va. 53, 46 S.E.2d 26 (1948) (plaintiff's statement that collision not due to fault or negligence of defendant's driver); 4 Wigmore, Evidence § 1053(3) (Chadbourn rev. 1972); Annot., 118 A.L.R. 1230." *Id.* at 779-80 n 1.

Professor McCormick also refers to the advisory committee's comments to FRE 801(d)(2)(federal counterpart to OEC 801(4)(b)) which state:

> "The freedom which admissions have enjoyed from technical demands of searching for an assurance of trustworthiness in some against-interest circumstance, and from the restrictive influences of the opinion rule and the rule

requiring firsthand knowledge, when taken with the apparently prevalent satisfaction with the results, calls for generous treatment of this avenue to admissibility."[3]

*See* 3 Weinstein and Berger, Weinstein's Evidence 701-26 (1990) (quoting Judge Learned Hand's opinion in *Central R.R. Co. v. Monahan,* 11 F2d 212, 214 (2d Cir 1926), that an opinion based on inferences that enter into a witness' perception may be the only practical manner in which a given witness can testify); 4 Weinstein and Berger, *supra,* at 801-239 (a party's statement, treated as an admission, may be in the form of an opinion, under FRE 801(d)(2)(A)); and Letwin, Evidence Law 248 (1986). Kirkpatrick, Oregon Evidence 501-02 (2d ed 1989), reports the rationale for admitting statements of a party-opponent under OEC 801(4)(b) as follows:

> "They are admissible not because they are necessarily reliable, but because they are statements of a party-opponent. Even if they are unreliable, the party will have an opportunity to explain why he or she made the statements. The primary concern of the hearsay rule is lack of cross-examination. This concern in eliminated when the party making the statement and the party who would be conducting the cross-examination are the same. *See* Park, *The Rationale of Personal Admissions,* 21 Ind L Rev 509 (1988)."

*See* Legislative Commentary in Kirkpatrick, *supra,* at 499 ("[T]he technical demands of the opinion rule and the rule requiring personal knowledge are suspended" as to admissions of party-opponents).[4] *See also Kraxberger v. Rogers,* 231 Or 440, 373 P2d 647 (1962) (admission that a truck was a family purpose vehicle admissible over objection that testimony was a legal conclusion or opinion).

The trial court's explanation for refusing to allow the statement of a party-opponent in evidence alluded to the

---

[3] The Federal Rules of Evidence and Advisory Committee comments were known to the drafters of Oregon's Evidence Code and to the legislative committees which recommended its adoption.

[4] The Commentary's status and usefulness are described in *State v. McClure,* 298 Or 336, 344, 692 P2d 579 (1984), as follows:

> "It must be remembered that the commentary is not an official part of the Oregon Evidence Code and was not approved by the entire legislature. Of course it provides highly useful background regarding each rule and guidance to courts and attorneys in interpreting these rules, but the commentary is not controlling upon this or any other court."

party's youth and the complexity of the question asked. The party testified about other events surrounding the collision without difficulty and without raising any question as to his competence. Defendant was 16 years of age at the time of the collision and 17 at the time he answered that plaintiff was not careless. The implication of the trial court's explanation of its ruling — that defendant lacked sufficient understanding to answer a question about what conduct is careless or what conduct did not cause a collision — is not demonstrated or otherwise touched on in the record.

Neither carelessness nor causation is, in the context of defendant's answer here, a term of art whose meaning is known only to legal cognoscenti or mature adults. The jury, who heard defendant's testimony at trial, was capable of evaluating whether, to what extent, and with what meaning he used those concepts in formulating his "No" answer. If, indeed, a particular party whose admission is offered in evidence has an incomplete or defective understanding of words such as "careless" or "caused," the deficient understanding may be demonstrated by further examination or, in a proper case, by other evidence, or by argument. OEC 701 does not provide any ground to exclude statements of a party-opponent that events at which the party was present were not caused by another's carelessness.

The admission would have been helpful to the jury in assessing the reliability of defendant's trial testimony, which attempted to blame plaintiff in a way contradicted by his deposition answer. The trial court's exclusion of the evidence, when it was offered a second time after the party-opponent testified, prevented the jury from hearing it and from bringing it to bear on the question of which party's account of the events surrounding the collision was more credible.

The authorities indicate that a party-opponent's statement may have dual probative value in this case — both to prove what did not occur and to show defendant's prior inconsistent statement on that subject. As explained in McCormick, *supra,* at 81, § 37:

> "If a party takes the stand as a witness, and the adversary desires to use a prior inconsistent statement of the witness, the statement is receivable in two aspects, first as the admission of the opposing party, and second, as an inconsistent

statement to impeach the witness. * * * [T]he party will have ample opportunity for denial or explanation after the inconsistent statement is proved. * * *"[5] (Footnote omitted.)

Exclusion of defendant's testimony was error which affected a substantial right of plaintiff under OEC 103.[6]

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed and the case is remanded for new trial.

---

[5] *See also* ORS 45.250(1)(a) (use of depositions to impeach deponent as a witness); Louisell and Mueller, 3 Federal Evidence 618 (1979) (discussing the federal rule's equivalent of OEC 701 as a rule preferring more concrete testimony where that is available, but still permitting more general testimony indicating the opinions or inferences of the witness rather than doing without the evidence altogether where opinion or inference is all that is available); and McCormick, Evidence 46, § 18 (3d ed 1984) (courts seem to be tending to view that the opinion rule is one of preference for the more concrete form of testimony, not one of absolute exclusion where the concrete form is not feasible).

[6] OEC 103(1) provides in part: "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected * * *."

*See State v. Hubbard*, 297 Or 789, 800, 688 P2d 1311 (1984) ("a decision to exclude evidence * * * is reversible if it denies the jury an adequate opportunity to assess the credibility of a witness whose credibility is important to the outcome of the trial").

Defendant makes no claim of harmless error but contends only that the admission was properly excluded.