Argued and submitted November 7, 1994, affirmed January 25, 1995

Jan Phipps CELLI,
*Respondent,*

*v.*

Dennis SANTOS
and Charles Santos,
*Defendants,*

*and*

Kathleen BRAUN,
*Appellant.*

Dennis SANTOS
and Charles Santos,
*Cross-Claim Plaintiffs,*

*v.*

Kathleen BRAUN,
*Cross-Claim Defendant.*

(92-2816-L-1(4); CA A83889)

888 P2d 1067

Hugh B. Collins argued the cause and filed the briefs for appellant.

Dennis H. Black argued the cause for respondent. With him on the brief was Black, Chapman, Webber & Stevens.

Before Richardson, Chief Judge,* and De Muniz and Leeson, Judges.

LEESON, J.

_____

* Richardson, C. J., *vice* Rossman, P. J., retired.

## LEESON, J.

In this personal injury case, defendant Braun appeals from a judgment for plaintiff. She assigns error to the trial court's denial of her motion for a directed verdict. We consider the evidence in the light most favorable to plaintiff and, because we cannot say that there is no evidence to support the jury's verdict, we affirm. Or Const, Art VII (Amended), § 3; *Brown v. J. C. Penney Co.*, 297 Or 695, 705, 688 P2d 811 (1984); *Sivers v. R & F Capital Corp.*, 123 Or App 35, 37, 858 P2d 895 (1993), *rev den* 318 Or 351 (1994).

Plaintiff was a passenger in an automobile driven by her mother, defendant Braun. While traveling south on a two-lane rural road, they approached a pickup truck, driven by defendant Dennis Santos, that was traveling north.[1] Santos stopped the truck to turn left into a driveway; its front bumper may have projected "a foot or so" into the south-bound lane. Braun, reacting to what she perceived as danger from Santos' truck, skidded off the roadway onto the gravel, drove into a ditch and hit a tree. Both plaintiff and Braun were injured. Plaintiff brought an action for money damages, alleging that both Santos and Braun were negligent.

■    With respect to the issues in this appeal, plaintiff alleged in her pleadings that Braun was negligent in (1) failing to maintain proper control of her vehicle, (2) failing to keep a proper lookout, and (3) traveling at an excessive speed under the conditions. In direct contradiction to her pleadings, plaintiff testified at her deposition and at trial that Braun was not negligent in any manner and, in particular, that she "had full control," "was paying attention to the road and everything on it," and "was not driving [at an] excessive speed." Other witnesses gave conflicting testimony about Braun's alleged negligence. The jury returned a verdict finding that Braun was negligent and Santos was not. Judgment was entered in favor of plaintiff. Braun assigns error to the trial court's denial of her motion for a directed verdict.

Braun argues that, as a matter of public policy, plaintiff's testimony should be treated as a judicial admission and that other testimony on the issue of Braun's negligence

---

[1] Charles Santos, the owner of the pickup, was originally named as defendant, but was dismissed before the trial began.

therefore should be disregarded, thus precluding judgment against her. Her argument hinges on her characterization of plaintiff's testimony as direct evidence given in "fact terms as distinguished from her opinions."

■ When a party testifies about a series of observations that express matters of opinion, judgment, estimate, inference or uncertain memory, as opposed to concrete facts peculiarly within the party's own knowledge, the court should allow for the obvious possibility of mistake by allowing consideration of all available evidence. *Bockman v. Mitchell Bros. Truck Lines*, 213 Or 88, 98-99, 320 P2d 266 (1958); citing *Valdin v. Holteen and Nordstrom*, 199 Or 134, 144, 260 P2d 504 (1953); *see also Osborne v. Bessonette/Medford Mtrs.*, 265 Or 224, 231, 508 P2d 185 (1973); *Morey, Administratrix v. Redifer et al*, 204 Or 194, 214, 264 P2d 418, 282 P2d 1062 (1955). Although not stated in the equivocal language of opinion, plaintiff's statements are expressions of her judgment about matters connected with facts and are reasonably understood to be statements of opinion. *Sellers v. Looper*, 264 Or 13, 16-17, 503 P2d 692 (1972).

Testimony by other witnesses at trial casts doubt on plaintiff's deposition and trial testimony. For example, Clayton, a volunteer firefighter present at the accident scene, testified that plaintiff admitted that "she wasn't entirely certain what happened because she wasn't watching the road at the time [the accident] occurred, she was looking at [Braun] talking to her," and that Braun had frequently been looking back at her rather than at the road. Santos testified that Braun admitted that "her blood sugar was low and that she shouldn't have been driving and that she couldn't react [and] panicked" when she saw Santos's truck. A mechanical engineer who examined the skid marks at the accident scene testified that Braun had enough time to safely stop her car or "sufficient room" in her own lane to avoid Santos's truck. In the light of that testimony, we cannot say that there was no evidence to support the jury's verdict.

Affirmed.