Argued and submitted November 28, 1994, reversed and remanded February 15, petition for review denied June 13, 1995 (321 Or 268)

Lisa J. MacDONALD,
*Appellant,*

*v.*

Thomas D. COTTLE, DDS,
*Respondent.*

(91-3-309; CA A75050)

889 P2d 1320

Jeffrey C. Jacobs argued the cause and filed the briefs for appellant.

M. Elizabeth Duncan argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff appeals a judgment for defendant on her claim for damages arising from dental malpractice after the jury returned a verdict for defendant. She assigns as error two evidentiary rulings. We reverse.

Plaintiff was a dental patient of defendant. Because of a kidney transplant in 1979, she is required to take antibiotics before any dental treatment. On April 13, 1989, plaintiff visited defendant's office, complaining of pain in her right molar. Defendant decided to extract the tooth, and it was removed on that day. In her complaint, plaintiff alleges that defendant was negligent in failing to give her antibiotics before removing her tooth and, as a result, she developed sinusitis and osteomyelitis, conditions that required numerous hospitalizations and surgical procedures.

**1.** Before trial, plaintiff made requests for admissions pursuant to ORCP 45. One request asked defendant to admit or deny that:

"You failed to premedicate Plaintiff prior to your performance of oral surgery on April 13, 1989."

Defendant responded:

"Response: Defendant admits plaintiff was not given preoperative antibiotics before the extraction of tooth No. 3 on April 13, 1989."

Defendant and his attorney reviewed the responses to the requests for admission before defendant was deposed. As a result of that conversation, defendant's counsel told plaintiff's counsel that he had misunderstood defendant when he answered the response on defendant's behalf and that the response was inaccurate. Thereafter, defendant filed a motion seeking leave to file an amended response to plaintiff's request. That motion sought to amend the response to read:

"Defendant admits plaintiff was not given a prescription for preoperative antibiotics before the extraction of tooth No. 3 on April 13, 1989; however, plaintiff was given two grams of oral penicillin, dispensed from defendant's office, approximately 45 minutes before the tooth was extracted."

Plaintiff's counsel did not object to the motion, and the court entered a stipulated order allowing the amendment.

At trial, plaintiff testified that she was not given any antibiotics before her tooth was extracted. Defendant testified that he treated plaintiff with penicillin before removing her tooth. On cross-examination of defendant, plaintiff sought to introduce into evidence the initial answer to plaintiff's request for admission and to question defendant in front of the jury as to whether he had told his attorney that no antibiotics had been given to plaintiff before the extraction. The court ruled:

"Well, I have no reason to believe that [defendant] was responsible for that response of [defendant's counsel], and I'm satisfied that [defendant's counsel] made a mistake that he readily acknowledged. And I'm also satisfied that at one point in time, the parties agreed that this could be satisfied simply by amending the response, and an order was signed to that effect and it's in the records.

"I'm not going to allow counsel to inquire, which, I think, would necessitate the testimony of [defendant's counsel], which could even lead to confusion and would not be helpful to the jurors."

Plaintiff argues that the trial court erred in excluding evidence of defendant's admission.[1] Defendant counters that the trial court had discretion under OEC 403[2] as to whether to exclude the initial response from evidence.

---

[1] Defendant argues that plaintiff failed to preserve her assignment of error. Defendant says:

"By stipulating to the entry of the order that defendant be allowed to amend his response to [the request for admission], plaintiff waived any objection to the amended response and denied the trial court the opportunity to consider and rule on the issue at the time of defendant's motion to amend * * *. Plaintiff's attempt during the trial to negate her stipulation was insufficient and offered no good excuse for her delayed change of heart * * *. As a result, plaintiff failed to preserve this issue for appeal and there is nothing for this Court to review."

We disagree. Although plaintiff stipulated to the amendment of the response, she did not stipulate about whether the initial response could be used as evidence.

[2] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

In *State v. Hubbard*, 297 Or 789, 799, 688 P2d 1311 (1984), the court discussed the extent to which a trial court has control over the scope of cross-examination:

"The discretionary power of the trial judge is to confine the cross-examination within reasonable limits. It does not include the authority to exclude altogether questions, and the answers thereto, which directly challenge the disinterestedness or credibility of the witness' testimony." (Citations omitted.)

The court held that when questions relating to a witness' bias or interest are curtailed by a trial court without giving the party the opportunity to establish bias or interest, the court does not have the discretion to exclude the evidence.

Here, the trial court excluded completely evidence that defendant had admitted a material fact in issue. That evidence directly challenged his credibility and is the kind of evidence that the court in *Hubbard* said that a trial court has no authority to exclude. *See also Washington v. Taseca Homes, Inc.*, 310 Or 783, 802 P2d 70 (1990). Consequently, the trial court erred in that regard.

■ Insofar as the effect of the amendment is concerned, ORCP 45 D provides:

"Any matter admitted pursuant to this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. The court may permit withdrawal or amendment when the presentation of the merits of the case will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice such party in maintaining such party's case or such party's defense on the merits. Any admission made by a party pursuant to this rule is for the purpose of the pending action only, and neither constitutes an admission by such party for any other purpose nor may be used against such party in any other action."

The rule provides that, when a trial court allows an amendment under ORCP 45 D, the original matter admitted is no longer conclusively established, and the proponent of the disputed fact continues to have the burden of establishing its existence. The rule does not prohibit the initial response from being admitted into evidence. *See Yates v. Large*, 284 Or 217, 223, 585 P2d 697 (1978).

Defendant also argues that the initial response resulted from a misunderstanding between him and his counsel and, as such, plaintiff's ability to impeach the credibility of defendant is not compromised because the discrepancy complained of resulted solely from his counsel's mistake. Nevertheless, it is well settled that the conduct of an attorney who acts within the scope of his or her authority will be imputed to the client. *Longyear, admx v. Edwards*, 217 Or 314, 319, 342 P2d 762 (1959). Moreover, neither plaintiff nor the jury is required to accept defendant's explanation. Defendant's argument goes to the weight to be given to the admission by the triers of fact, not its admissibility.

■ ■ Defendant argues that any error in excluding evidence of the initial response was harmless. Plaintiff responds that the excluded evidence was critical to her case, not only to impeach defendant's direct testimony, but also to prove her allegations of negligence. Evidentiary error is not presumed to be prejudicial. Consequently, to be reversible, the error must affect "a substantial right of the party." OEC 103(1). In this case, evidence of the initial admission would have been helpful to the jury in resolving the central issue in the case. *See also Washington v. Taseca Homes, Inc., supra,* 310 Or at 790. We hold that exclusion of the initial admission was an error that affected a substantial right of plaintiff under OEC 103(1).

Plaintiff's other assignment of error concerns the trial court's ruling permitting defendant to impeach the testimony of plaintiff's expert witness, a psychologist, on the basis that there was a pending proceeding regarding the revocation of the witness's license before the State Board of Psychiatric Examiners. Plaintiff argues that the evidence was not relevant, and that, even if relevant, the prejudicial effect of the evidence outweighed its probative value. *See* OEC 401; OEC 608(2); OEC 403. We are unable to forecast whether the same issues will arise on retrial or, if they do, in what context. Therefore, we decline to consider plaintiff's assignment of error.

Reversed and remanded.