Argued and submitted June 21, reversed and remanded August 2, 1995

Teresa L. HERRELL,
*Respondent,*

*v.*

Bonnie JOHNSON,
*Appellant.*

(9305-02979; CA A85143)

899 P2d 759

Thomas W. Brown argued the cause for appellant. With him on the briefs were Christine B. Miller and Cosgrave, Vergeer & Kester.

Willard E. Merkel argued the cause for respondent. With him on the brief was Popick & Merkel.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Plaintiff brought this action to recover damages for injuries allegedly sustained in a May 1992 automobile accident caused by defendant. The jury returned a verdict for defendant, finding that she had not caused any injury to plaintiff. The trial court granted plaintiff's motion for a new trial and defendant appeals. We reverse.

In July 1991, almost a year before the accident at issue in this case, plaintiff was injured in a head-on automobile collision in which she suffered neck and facial injuries, a broken finger and chest bruises. She spent three days in the hospital and took several months to recover. She retained an attorney and settled her claim for that injury.

In April 1992, plaintiff went to a chiropractor, Beeson, complaining about shoulder, neck and back pain and headaches after she had done some landscaping. He treated her a few times and anticipated treating her another 12 to 18 times.

On May 20, 1992, at about 9:15 a.m., plaintiff's car was stopped in heavy traffic in the right-hand lane of southbound Interstate 5, just north of the on-ramp to the Morrison Bridge exit in Portland. It was struck from the rear by defendant's car and in turn bumped into a pickup truck stopped ahead of it. No one involved in the accident complained of injuries at the scene and plaintiff refused offers of medical attention. She testified that

"I showed no physical damage, whatsoever, and I was just like in shock, and I didn't feel like I needed an ambulance."

Plaintiff's car was operable after the accident and she drove it to her place of work. She called Beeson, who agreed to see her within the hour. Plaintiff complained of neck and back pain and headaches. She indicated on her intake form that she was being represented by an attorney. Beeson examined plaintiff and began an aggressive regimen of chiropractic treatment. Plaintiff visited Beeson daily for a few weeks, then every three days, two days and finally one day per week. Beeson usually checked her spine, manipulated areas that were not in proper alignment, used ultrasound and applied ice packs. He also prescribed an electrical muscle stimulator for plaintiff to use at home. Plaintiff received 104

treatments through January 1993. Beeson charged plaintiff between $65 and $90 per visit.

In June 1992, Beeson referred plaintiff to Colistro, a psychologist, for counseling because of her anger and anxiety about the May 1992 accident. Colistro saw plaintiff five or six times. He counseled her concerning her feelings about the accident and about her family problems. Colistro concluded that plaintiff had an "adjustment disorder with anxious and depressed features," but no personality disorders.

In September 1992, Beeson referred plaintiff to Steinhauer, the owner and director of Pain Management Resources Clinic (PMRC). Steinhauer saw plaintiff approximately nine times between late September 1992 and early January 1993. Steinhauer prescribed Triavil, an antidepressant, and an electric nerve stimulator for home use.

In late September 1992, Steinhauer referred plaintiff to the Portland Rehabilitation Center, where she received 33 treatments during October and November at an average cost of $155 per visit. Steinhauer serves as the medical director of the Portland Rehabilitation Center.

At defendant's request, Miller, an internal and occupational medicine specialist, examined plaintiff on November 16, 1993. Plaintiff told him that she did not have neck or back problems before the May 1992 accident. Miller testified that plaintiff reported no symptoms of neck or back problems and demonstrated a full, normal range of motion in her neck, shoulders and back, with no pain or discomfort.

In her action for damages against defendant, plaintiff claimed medical and chiropractic expenses of $10,317.94.[1] She also claimed lost income of $717.50. Much of her absence from work occurred because of conflicts with chiropractic and physical therapy treatments. Plaintiff also sought $500,000 in noneconomic damages. Defendant admitted negligence but denied that her negligence injured plaintiff. She also argued that plaintiff's treatments were excessive and were related to prior injuries.

---

[1] Plaintiff's total medical expenses were $18,614.60. A portion of those were paid by her insurance carrier and she claimed the unpaid balance as damages in this action. The trial court granted her motion *in limine* to exclude any reference to her insurance coverage.

The jury returned a verdict in favor of defendant, finding that plaintiff was not injured in the May 1992 accident. Plaintiff moved for a new trial on the grounds that the court had erred in failing to grant her motion for a directed verdict and in giving defendant's requested damage instruction on avoidable consequences.[2] ORCP 64 B(5) and (6).[3] The trial court granted plaintiff's motion. It reasoned that it had erred in denying plaintiff's motion for a directed verdict, because there was no testimony that contradicted plaintiff's claim that she was injured in the May 1992 accident and that the only issue for the jury was "how much." The trial court also concluded that it had erred in giving defendant's avoidable consequences instruction because she could have argued her case without it and because the instruction goes to minimizing damages by obtaining medical attention, not to excessive treatment.

Defendant assigns error to the trial court's granting of plaintiff's motion for a new trial. She first contends that there was competent evidence supporting the jury's finding that she did not cause plaintiff's alleged injuries. Plaintiff responds that she was entitled to a directed verdict, because she presented uncontradicted evidence that she was injured in the accident.

■ We will affirm an order granting a new trial if any of the grounds argued in support of the motion are well taken and there was substantial prejudicial error to the moving party. *Williams v. Laurence-David*, 271 Or 712, 718, 534 P2d 173 (1975); *Schacher v. Dunne*, 109 Or App 607, 609, 820 P2d 865 (1991), *rev den* 313 Or 74 (1992). To be entitled to a new

---

[2] The trial court gave defendant's Uniform Jury Instruction Number 73.01:

"A person who suffered damage has a duty to exercise reasonable care to avoid increasing that damage. There can be no recovery for increased damage caused by failure to exercise such care."

[3] ORCP 64 B provides:

"A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"* * * * *

"B(5) Insufficiency of the evidence to justify the verdict or other decision, or that it is against law.

"B(6) Error in law occurring at the trial and objected to or excepted to by the party making the application."

trial under ORCP 64 B(5), the moving party must establish that the evidence was insufficient or that the trial court erred as a matter of law in not directing the verdict. When the issue is the sufficiency of the evidence, the jury verdict must stand unless there was no evidence to support it. Or Const, Art VII (amended), § 3.[4] We view the evidence in the record, including all reasonable inferences, in the light most favorable to defendant, the nonmoving party. *Daskalos v. Kell*, 280 Or 531, 534, 571 P2d 141 (1978).

■ This case could have been decided either way by the jury, depending on the credibility it attached to the testimony of the witnesses and the inferences it drew from their testimony. Our standard of review requires us to view the record in the light most favorable to defendant. Having done so, we agree with defendant that there was evidence from which the jury could find that the costs for treatments that plaintiff seeks to recover in this action were related to her earlier injuries, not to the May 1992 accident.

Both Beeson and Steinhauer's diagnoses and treatment recommendations relied, in part, on plaintiff's subjective comments and responses. However, Beeson testified that objective tests — blood chemistry analyses taken the day of the accident and x-rays — showed inflammation at the same level as testing conducted before the accident and revealed preexisting degeneration of plaintiff's spine unrelated to the accident. Furthermore, plaintiff stated in a pretrial deposition that she had completed her treatment with Beeson for her April 1992 shoulder injury before the May 1992 accident with defendant. However, evidence was introduced that Beeson treated her only two days before the May 1992 accident and Beeson testified that he anticipated treating her another 12 to 18 times for the shoulder injury plaintiff complained of in April. Plaintiff stated both in her deposition and to Miller that she had not experienced neck or back problems before the May 1992 accident. At trial, she admitted that she suffered neck and back injuries in both July 1991 and April 1992. In addition, plaintiff stated in her deposition that she did not

---

[4] Oregon Constitution, Article VII (amended), section 3, provides, in part:

"In actions at law * * * no fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict."

suffer any cuts or bruises in the May 1992 accident, but during trial she maintained that her hands were bruised in that accident. While both plaintiff and Beeson claimed that the treatments plaintiff received after the May 1992 accident were not related to her earlier injuries, Beeson testified that he treated plaintiff for neck and back pain and headaches in April 1992, and that he treated her for those same symptoms after the May 1992 accident.

In sum, the record contains evidence from which the jury could conclude that plaintiff was not injured in the May 1992 accident with defendant. The trial court properly denied plaintiff's motion for a directed verdict at trial and erred in granting her motion for a new trial on the ground that it should have directed a verdict in her favor.

Defendant next argues that the trial court erred in granting plaintiff's motion for a new trial on the ground that it should not have given defendant's requested instruction on avoidable consequences. Plaintiff contends that she was entitled to that instruction because it supported her theory of the case and because it was supported by competent evidence. Alternatively, defendant maintains that, because the jury found that plaintiff was not injured in the May 1992 accident, it did not need to consider the disputed instruction and any error did not justify a new trial. Plaintiff contends that the instruction was not supported by the evidence and that it misled the jury.

We agree with defendant that any error in giving her requested instruction did not justify a new trial. Because the jury found that plaintiff was not injured by defendant's negligence, it did not reach the question of the amount of damages to award, and hence did not consider the disputed instruction. Under these circumstances, any error did not affect a substantial right of plaintiff and the trial court should not have granted her motion for a new trial on the ground that the jury should not have received that instruction.

Reversed and remanded for entry of judgment for defendant.