Argued and submitted May 28, reversed and remanded November 20, 1996

## Louis BRUNEAU,
*Respondent,*

*v.*

## Linda C. CURTIS,
*Appellant.*

## (93 9 156; CA A87224)

927 P2d 634

Thomas W. Brown argued the cause for appellant. With him on the briefs were Wendy M. Margolis and Cosgrave, Vergeer & Kester.

Helen T. Dziuba argued the cause for respondent. With her on the brief were Peter K. Glazer, Glazer & Associates, P.C. and Barry L. Adamson.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

### RIGGS, P. J.

In this personal injury action involving an automobile collision with a motorcycle, defendant appeals, assigning error to the trial court's granting of plaintiff's motion for a new trial after a jury verdict for defendant. We agree that the court erred in granting the motion for new trial and therefore reverse the judgment and remand for reinstatement of the jury verdict.

■ At trial, the jury answered "no" to Question 1 on the verdict form:

"Was the defendant negligent in one or more of the ways alleged in the plaintiff's complaint, and, if so, was such negligence a cause of damage to the plaintiff?"

Plaintiff moved for a new trial, contending that the evidence at trial could not support a jury answer of "no" to either part of the question. Plaintiff further noted that Question 1, which had been submitted by plaintiff, was inherently ambiguous, because it contains a compound question. The trial court granted the motion for new trial, saying:

"It is my recollection that the evidence does not support the jury's conclusion that the Defendant was free from negligence. Nor does the evidence support its conclusion that the negligence of the Defendant did not cause some injury to Plaintiff. For the foregoing reasons Plaintiff's Motion for New Trial is allowed."

In reviewing the trial court's ruling, we consider the record in the light most favorable to defendant, the nonmoving party, and we must reverse the trial court and reinstate the jury verdict unless we can say affirmatively that there is no evidence to support the jury verdict. *Daskalos v. Kell*, 280 Or 531, 534, 571 P2d 141 (1977); *Herrel v. Johnson*, 136 Or App 68, 72, 899 P2d 759 (1995).

■ Defendant asserts that, to the extent that plaintiff's arguments supporting a new trial relate to a defect in the verdict form itself, *i.e.*, an ambiguity resulting from the compound question, that defect cannot form the basis for affirmance of the trial court, because plaintiff submitted the verdict form and did not object to it. ORCP 64 B(6); *Wegener v. Walter*

*Kidde & Co.*, 73 Or App 22, 25, 697 P2d 981, *rev den* 300 Or 333 (1985). We agree with defendant. ORCP 64 B(6) requires that an objection to an alleged legal error be raised at the time of trial in order for the error to form the basis for a motion for new trial. Plaintiff made no objection to the verdict form at the time of trial. We therefore reject any contention that the court's ruling should be affirmed on the ground of a defect in the verdict form.

■     The next question is whether there is any evidence to support the jury's verdict that defendant was not negligent. In support of his motion for new trial, plaintiff referred to this testimony by defendant, in which, he contends, defendant admitted negligence:

> "[Plaintiff's Counsel]:   You really think [plaintiff] is more negligent or at fault than you in causing this collision?
>
> "[Defendant]:   No. It has been my understanding for the last three years and the day of the accident that it was neither party's fault.
>
> "Q:   You think you were not at fault at all?
>
> "A:   (Pause) I was at fault for not seeing [plaintiff].
>
> "Q:   You don't really think that [plaintiff] was more at fault than you, do you really?
>
> "A:   I don't think he was at fault more than me, no."

The question is whether, in the light of that testimony, a jury reasonably could find that defendant was not negligent. Stated conversely, plaintiff argues that in the light of defendant's testimony, a reasonable jury was required to find that defendant was negligent.

■     We considered a similar question in *Celli v. Santos*, 132 Or App 516, 888 P2d 1067 (1995). There, the plaintiff, a passenger in her mother's car, brought an action against her mother and Santos, the driver of another car, to recover damages for personal injuries sustained in a car accident. In her pleadings, the plaintiff had alleged that her mother, who had swerved into a tree to avoid hitting an oncoming car driven by Santos, had been negligent in failing to maintain proper control of the car, in failing to keep a proper lookout, and in traveling at an excessive speed under the conditions. In a

deposition, the plaintiff testified that her mother had not been negligent in any manner, had had full control of the car, was paying attention to everything and was not driving at an excessive speed. The testimony of other witnesses conflicted with that of the plaintiff as to her mother's alleged negligence. The jury found that the mother was negligent and that Santos was not. On appeal, the mother argued that it was error for the trial court to deny her motion for a directed verdict, because the plaintiff's testimony was a judicial admission that as a matter of law required the determination that the mother was not negligent. We rejected the contention:

> "When a party testifies about a series of observations that express matters of opinion, judgment, estimate, inference or uncertain memory, as opposed to concrete facts peculiarly within the party's own knowledge, the court should allow for the obvious possibility of mistake by allowing consideration of all available evidence. *Brockman v. Mitchell Bros. Truck Lines*, 213 Or 88, 98-99, 320 P2d 266 (1958); *citing Valdin v. Holteen and Nordstrom*, 199 Or 134, 144, 260 P2d 504 (1953); *see also Osborne v. Bessonette / Medford Mtrs.*, 265 Or 224, 231, 508 P2d 185 (1973); *Morey, Administratrix v. Redifer et al*, 204 Or 194, 214, 264 P2d 418, 282 P2d 1062 (1955). Although not stated in the equivocal language of opinion, plaintiff's statements are expressions of her judgment about matters connected with facts and are reasonably understood to be statements of opinion. *Sellers v. Looper*, 264 Or 13, 16-17, 503 P2d 692 (1972)." 132 Or App at 519.

Thus, a party's testimony accepting or attributing fault in a way that is inconsistent with the party's adversarial posture will not prevent consideration of other evidence concerning liability, if the testimony is reasonably understood to be a statement of opinion, rather than a concrete statement of facts within the party's own knowledge. *Id.* As in *Celli*, we conclude that here, defendant's testimony that she was "at fault for not seeing [plaintiff]" did not require a finding that defendant was negligent. It is beyond contention that defendant disputed that she was negligent in causing the accident. Defendant's testimony was given "in the equivocal language of opinion." 132 Or App at 519. Her views were not "concrete facts peculiarly within [her] own knowledge." *Id.* They were not expressions of her "own motives, purposes, or knowledge,

or [her] reasons for acting as [she] did," and there is the possibility that she was honestly mistaken. *Brockman*, 213 Or at 99. Defendant's testimony concerning who was "at fault" was not binding on the jury. In deciding the question of negligence, the jury was entitled to consider *all* the evidence and could accept or reject defendant's opinion regarding fault.[1]

We conclude, further, that, viewing the evidence and all reasonable inferences in the light most favorable to defendant, there was evidence to support the jury's verdict that defendant was not negligent. Accordingly, the trial court erred in granting plaintiff's motion for new trial.

Reversed and remanded for reinstatement of jury verdict and entry of judgment thereon.

---

[1] Plaintiff cites *Washington v. Taseca Homes, Inc.*, 310 Or 783, 802 P2d 70 (1990), which concerned the *admissibility* of a party's own statement of opinion concerning fault. This case is not about the admissibility of the evidence but rather about the weight to be given the party's statement. *Washington* holds that such opinion evidence is admissible, but it does not hold that other evidence contradictory to the admission may not be considered.