Argued and submitted October 17, Northwestern School of Law of Lewis & Clark College, Portland, reversed December 19, 2001

Jeffrey R. TYRRELL,
*Respondent,*

*v.*

MARINE PROPULSION SERVICES, INC.,
an Oregon corporation,
and James F. Bixel,
*Appellants.*

9710-07969; A109205

37 P3d 1027

Thomas M. Christ argued the cause for appellants. With him on the opening brief was Mitchell, Lane & Smith; with him on the reply brief was Cosgrave Vergeer & Kester LLP.

Frank J. Susak argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

SCHUMAN, J.

## SCHUMAN, J.

In this personal injury case, the jury found plaintiff, a bicyclist, 55 percent at fault for a collision with a pickup truck driven by defendant Bixel.[1] The trial court entered judgment for defendant and dismissed the jury. Plaintiff then moved to set aside the judgment and for a new trial, and the trial court granted the motion. Defendant appeals. Because a trial court may supersede a jury verdict and order a new trial only if there is no evidence to support the verdict, and in this case there was such evidence, we reverse.

The accident giving rise to this litigation occurred on Swan Island, where both plaintiff and defendant worked. Part of the island contains buildings and paved roads in a grid pattern. Plaintiff, returning to his place of work after using a restroom, mounted his bicycle at a point in the middle of a block. Heading south, he attempted to cross a wide street running east and west. Defendant, driving south in a pickup truck, was turning left onto the east-west street from a cross street. The pickup and bicycle collided.

Plaintiff sued defendant for damages resulting from injuries sustained in the collision, alleging that defendant was negligent in "operating his vehicle at a greater rate of speed than was reasonable under the circumstances," failing to maintain a proper lookout, failing to maintain proper control over his vehicle, and failing to yield the right of way. In his answer, defendant asserted five allegations of contributory negligence. After the evidence had been received, plaintiff moved to strike the allegations of contributory negligence; the court granted the motion and, without objection, permitted defendant to substitute two new allegations: that plaintiff failed to exercise his right of way with due regard for the surroundings and safety of others and that plaintiff failed to exercise his right of way in a reasonable manner. The case was submitted to the jury in that posture, again without objection. The jury returned a special verdict finding that plaintiff was negligent, that defendant was negligent, and that plaintiff's negligence exceeded defendant's by 55 percent

---

[1] Bixel is part owner of defendant Marine Propulsion Services, Inc. References to defendant are to Bixel, and vice versa.

to 45 percent. The judge discharged the jury, again without objection, and entered judgment in favor of defendants under ORS 18.470, which bars recovery by a plaintiff who is more than 50 percent at fault. Plaintiff then moved to set aside the judgment and for a new trial, arguing that no reasonable juror could have found plaintiff more than 50 percent at fault. The trial court agreed and granted the motion.

Defendant raises two arguments before this court. First, he maintains that by neither requesting a peremptory jury instruction that his negligence could not exceed 50 percent as a matter of law, nor objecting to the verdict before the judge discharged the jury, plaintiff waived any objection to the verdict as rendered. Second, he maintains that, even if the objection were properly preserved and raised by the motion for a new trial, the court erred in granting that motion. Because we agree with defendant's second point— the trial court erred in granting the motion for a new trial— we do not reach the first.

■■    A jury's allocation of fault is a fact we cannot reexamine unless we "can affirmatively say there is no evidence to support" it. Or Const, Art VII (Amended), § 3. Thus, in cases involving determinations of contributory negligence or relative fault where

> "the decisive issue is the sufficiency of the evidence[,] * * *

>> " "* * * we do not weigh the evidence. We are required to accept as being true all evidence and inferences therefrom in the light most favorable to the party who prevailed before the jury. This necessitates resolving any conflicts in the evidence in favor of that party.' "
>> *Daskalos v. Kell*, 280 Or 531, 534-35, 571 P2d 141 (1977) (quoting *Jacobs v. Tidewater Barge Lines, Inc.*, 277 Or 809, 562 P2d 545 (1977); *accord Bruneau v. Curtis*, 144 Or App 498, 500, 927 P2d 634 (1996).

Our inquiry, then, is not whether there is substantial evidence supporting the jury verdict, but whether there is any evidence supporting it. *Daskalos*, 280 Or at 536; *Bruneau*, 144 Or App at 500.

■■    This case, as described above, involved a collision between a bicycle ridden by plaintiff and a pickup truck

driven by defendant. Defendant's expert testified that, in his opinion, plaintiff bore more fault than defendant. That testimony came in over plaintiff's objection, but on appeal plaintiff does not cite its admission as error. Further, defendant presented competent (albeit disputed) evidence that he was not speeding at or immediately before the time of the collision; that plaintiff, before he began pedaling, had the opportunity to see defendant rounding the corner before defendant had the opportunity to see plaintiff; and that plaintiff had a better opportunity to avoid the collision than defendant. The trial court apparently believed that this testimony could not support a verdict for defendant because Oregon abolished the "last clear chance" doctrine by statute. ORS 18.475. Under that doctrine, "[i]f a jury finds that the defendant had the 'last clear chance' to avoid injuring plaintiff, plaintiff can recover despite the fact that plaintiff was negligent and his negligence was a cause of his injury." *Walker v. Spokane, P'tl'd & Seattle Rlwy*, 262 Or 606, 607, 500 P2d 1039 (1972). In abolishing the doctrine, however, the legislature simply established that a party does not automatically prevail by demonstrating that the other party had, and failed to take, the last opportunity to avoid a collision or other harmful event; it did not establish that evidence of who had the better opportunity to avoid an accident was inadmissible or otherwise incompetent in a comparative negligence case.

Some competent evidence, therefore, supported the jury's verdict. The trial court erred in granting plaintiff's motion for a new trial.

Reversed.